*In re* LIC. ANTONIO QUIDGLEY VIERA.

Número: 5357      Resuelto: 11 de junio de 1987

*Govén D. Martínez Surís,* Director de Inspección de Notarías, querellante; el abogado querellado no compareció.

PER CURIAM: El 4 de septiembre de 1985, al examinar el protocolo de 1984 del abogado de epígrafe, la Inspectora de Protocolos encontró que faltaban los sellos de rentas internas y notariales en casi todas las escrituras. La inspectora concedió al abogado varias oportunidades para cumplir con su deber de cancelar los sellos, pero éste no las aprovechó. Cuando se examinó el protocolo de 1985, se encontró que 39 de un total de 40 escrituras estaban desprovistas de sellos. El 22 de mayo de 1986 le concedimos término al licenciado Quidgley Viera para adherir los sellos que faltaban y para que mostrara causa por la cual no debía ser disciplinado. El abogado no compareció. Suspendimos entonces al licenciado Quidgley Viera del ejercicio de la profesión de notario, y nuevamente le concedimos término para que corrigiera los defectos señalados. Le ordenamos además que mostrara causa por la cual no debería ser disciplinado como abogado a tenor con lo resuelto en *In re Freytes Mont*, 117 D.P.R. 11 (1986); *In re Pereira Esteves*, 116 D.P.R. 791 (1985); *In re Colón de Zengotita*, 116 D.P.R. 303 (1985); *In re De Jesús Fuentes*, 117 D.P.R. 90 (1986).

El Director de Inspección de Notarías informó a este Tribunal que el licenciado Quidgley Viera corrigió parcialmente los defectos señalados en el protocolo de 1984. No obstante, quedan sellos por cancelar para ese año. Además, el abogado de epígrafe nada ha hecho respecto a los sellos correspondientes a 1985. También autorizó escrituras durante el 1986 incumpliendo con la obligación de adherir los sellos correspondientes. Hasta el día de hoy el abogado no ha comparecido ante este Tribunal, según se le ha requerido.

■ Enfatizamos una vez más la importancia de cancelar los sellos de rentas internas y notariales. Hemos señalado que "se defrauda al erario cuando se persiste obstinadamente en no adherir a las escrituras los sellos de

74

rentas internas que ordena el arancel notarial". *In re Platón*, 113 D.P.R. 273, 274 (1982).

■ Peor aún, frente a requerimientos y órdenes de este Tribunal para que corrigiera su obra notarial y justificara su inacción, el abogado de epígrafe se ha cruzado de brazos. Ello patentiza la incapacidad del querellado para ejercer la profesión de abogado. *In re Freytes Mont*, supra; *In re Pereira Esteves*, supra.

*Se decretará la separación del Lic. Antonio Quidgley Viera del ejercicio de la abogacía de la cual se notificará al Departamento de Estado, al Colegio de Abogados y al Director de la Administración de los Tribunales. Los derechos notariales no cancelados y el costo de la encuadernación del protocolo correspondiente a 1986 se cobrarán de la fianza notarial que dicho abogado había prestado.*

El Juez Asociado Señor Negrón García limitaría la sanción a un año de suspensión.