*In re* JESÚS G. RODRÍGUEZ RODRÍGUEZ.

*Número:* 4140     *Resuelto:* 8 de diciembre de 1989

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías*, querellante; *Jesús G. Rodríguez Rodríguez, pro se.*

I

PER CURIAM: El Lcdo. Jesús G. Rodríguez Rodríguez juró como notario el 18 de enero de 1974. El 22 de septiembre de 1982 fue suspendido del ejercicio de la notaría por no haber satisfecho la fianza notarial. Cumplido ese requisito, fue reinstalado el 14 de octubre de 1982. Reinició su práctica notarial.

El 11 de febrero de 1988 el Lcdo. Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías, nos informó que dicho notario Rodríguez Rodríguez había otorgado una escritura de poder sin la comparecencia de un testigo necesario. Requerido para que subsanara esa deficiencia, no actuó a tiempo ni compareció ante este Foro. En consecuencia, el 14 de abril de 1988 fue *suspendido temporeramente* del ejercicio de la notaría y ordenamos la incautación de su obra notarial. El 2 de mayo compareció y expuso que no fue hasta el 17 de marzo de 1988 que advino en conocimiento de nuestro requerimiento. Nos expuso que había corregido entonces el defecto antes apuntado. Ordenamos al licenciado Martínez Surís que evaluara esa comparecencia y nos rindiera un informe. Oportunamente, éste nos confirmó esa corrección, pero nos señaló que el notario —aun cuando había sido requerido— no había corregido un sinnúmero de deficiencias detectadas en sus protocolos de 1985, 1986, 1987 y 1988.[1]

---

[1] En lo pertinente, dicho informe dispone:
"*Protocolo 1987* - Sin encuadernar, sin índice.
"Escritura #1 - Faltan $9.00 sellos rentas internas.
"Escritura #2 - Falt[a] $1.00 rentas internas.
"Escritura #3 - Falt[a] $1.00 rentas internas.
"Escritura #8 - Testamento no dice que los testigos conozcan al testador ni que a su juicio tengan capacidad para testar.
"Escritura #9 - $1.00 notarial y el mismo señalamiento de la escritura #8.
"Escritura #13 - Faltan 50 centavos rentas internas.
"Escritura #15 - Falt[a] $1.00 rentas internas.
"Escritura #17 - No dio fe de conocer al testador.
"Escritura #19 - Faltan $3.00 rentas internas.
"Escritura #23 - Firma en nota de saca.

Ante esa situación, le concedimos treinta (30) días para subsanarlos. El 6 de julio nos informó sus gestiones al efecto. Luego le concedimos varias prórrogas más. Finalmente, a su ruego, autorizamos a la notario Ernestina R. de Rodríguez para que le auxiliara en el otorgamiento de varios instrumentos dirigidos a subsanar las deficiencias. Acordamos pos-

---

"Escritura #24 - Rúbrica folio 115.

"Escritura #26 - Faltan $10.00 y completar nota de saca.

"Escritura #28 - Faltan $10.00 rentas internas.

"Escritura #32 - Faltan $21.00 rentas internas.

"Escritura #36 - Identificación de comparecencia Nemesia Alejandro no cumple con la Ley Notarial Art. 17 inciso (b).

"Escritura #37 - Identificación está incompleta.

"*Protocolo 1988*

"Escritura #7 - Falta $1.00 rentas internas.

"Hay varias actas aclaratorias y notariales que no han sido anotadas al margen de escritura que corrigen.

"Además, este notario tiene pendiente de reinspección los años 1985 y 1986 por las siguientes deficiencias:

"*Protocolo 1985*

"Escritura #2 - Se usó un testigo no idóneo, hijo, para firmar por el que no sabía.

"Escritura #14 - Falta $1.00 rentas internas.

"Escritura #30 - Falt[a] $1.00 rentas internas.

"Escritura #38

"Escritura #43 - Rúbricas y sello en poderes protocolizados.

"Escritura #50 - No expresa que los testigos conozcan a la testadora y que a juicio de ellos esté capacitada para testar.

"*Protocolo 1986*

"Escritura #5 - Testamento: No se expresa que se leyó en voz alta ni que fue en un solo acto. Tampoco que los testigos conocen al testador y a su juicio está capacitado.

"Escritura #7 - Resolución de compraventa: no canceló por el valor de la venta que se resuelve.

"Escritura #8 - Falt[a] $1.00 rentas internas.

"Escritura #17 - Hecha en papel 8½ × 11.

"Escritura #25 - Igual que la escritura núm. 5.

"Escritura[s] #26 y #31 - Falt[a] $1.00 rentas internas a cada una.

"Escritura[s] #34, 35, 45, 47 - Igual que la escritura núm. 5.

"Escritura #38 - Faltan $37.00 rentas internas. La vendedora es casada. No se explica que el bien vendido sea privativo.

"*Registro de Affidavits*

"4229, 4320 - sello Asistencia Legal

"4583, 4616, 4631 - firma

"4665, 4723, 4348."

poner la imposición de sanciones disciplinarias una vez culminara ese trámite.

Para el 30 de diciembre de 1988 el Lcdo. Govén D. Martínez Surís nos comunicó que subsistían fallas en trece (13) escrituras. A partir de esa fecha, ampliamos el término concedido. Al 30 de junio de 1989 prevalecían seis (6) escrituras defectuosas y no había encuadernado el protocolo de 1988.

En consideración a lo expuesto, el 13 de julio y 17 de julio le requerimos acción en o antes de veinte (20) días, bajo apercibimiento de suspenderlo de la abogacía. Como resultado, el pasado 18 de agosto encuadernó el protocolo de 1988. Finalmente, el 11 de septiembre nos indicó que había corregido algunas de las escrituras e impartido instrucciones para localizar a varios interesados mediante un aviso a ser publicado en un periódico de la comunidad.

## II

La cronología y trámites que anteceden nos mueven a disponer sin ulterior dilación la sanción disciplinaria correspondiente. Según antes indicado, el notario Rodríguez Rodríguez fue suspendido provisionalmente el 14 de abril de 1988. Se le concedieron amplias oportunidades para subsanar las deficiencias en su obra notarial. El transcurso del tiempo impidió una corrección total.

Por otro lado, abona a su favor las gestiones realizadas y su interés en subsanarlas. En estas circunstancias, *limitaremos la sanción a una suspensión adicional del ejercicio de la notaría de seis (6) meses. Expresamente nos abstendremos de sancionarlo en la fase del ejercicio de la profesión de abogado.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Negrón García disiente en cuanto a la sanción. Entiende que la conducta del notario Rodríguez Rodríguez, de no cancelar la suma total de $100

en concepto de sellos de rentas internas al momento de otorgar las escrituras referidas en la opinión *per curiam*, constituye una violación grave a la Ley Notarial de Puerto Rico que, unida a las otras deficiencias en que incurrió, amerita una suspensión de tres (3) años. El Juez Asociado Señor Ortiz no intervino.