*In re* MIGUEL A. SÁNCHEZ PÉREZ.

*Número:* 5362           *Resuelto:* 13 de junio de 1990

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías; Miguel A. Sánchez Pérez, pro se.*

PER CURIAM: El 1ro de agosto de 1989 el Director de la Oficina de Inspección de Notarías (en adelante Director) informó que el 15 de marzo de 1989 se inspeccionó el protocolo de 1988 del abogado-notario Miguel A. Sánchez Pérez y se le señalaron una serie de deficiencias.

El 26 de abril de 1989 se reinspeccionó dicho protocolo y se encontró que todavía existían las deficiencias, especialmente aquellas relacionadas con la falta de sellos de rentas internas y notariales.[1]

Continuó informando el Director que el 18 de mayo se le envió una comunicación al licenciado Sánchez Pérez en la que se le concedió quince (15) días para que se expresara sobre las deficiencias. El notario hizo caso omiso de esta comunicación. El 7 de

---

[1] Faltaban $940.50 en sellos de rentas internas y $32 en sellos notariales.

agosto, mediante resolución, concedimos término al licenciado Sánchez Pérez para que se expresase sobre la comunicación del Director. El 8 de septiembre de 1989 compareció el licenciado Sánchez Pérez indicando que para esa fecha todas y cada una de las deficiencias notificadas habían sido corregidas y que su protocolo de 1989 estaba listo para inspección. Expresó, además, que no pudo cumplir con su obligación debido a "problemas personales", sin especificar en qué consistían éstos y que la omisión había sido una no intencional. Pidió excusas y aseveró que no volvería a incurrir en deficiencias similares.

Le pedimos al Director que se expresara sobre el escrito presentado. El 30 de octubre el Director nos informó que las deficiencias señaladas al licenciado Sánchez Pérez estaban corregidas.

■ Reafirmamos una vez más la importancia de que los notarios cancelen los sellos de rentas internas y notariales. *In re Quidgley Viera*, 119 D.P.R. 72 (1987); *In re Ralat Pérez*, 124 D.P.R. 745 (1989); *In re Flores Torres*, 125 D.P.R. 159 (1990); *In re Rodríguez Rodríguez*, 124 D.P.R. 885 (1989).

■ Sin embargo, tomando en consideración que es la primera vez que se trae a nuestra atención una queja relacionada con el ejercicio del notariado del licenciado Sánchez Pérez, la pronta atención de éste a nuestra resolución que le ordena corregir las deficiencias y al hecho de que no se le ha causado daños a terceros, limitaremos en esta ocasión la sanción disciplinaria a una de tres (3) meses de suspensión del ejercicio de la notaría. Se le apercibe, además, que en el futuro deberá dar fiel cumplimiento a su deber de adherir y cancelar los sellos de rentas internas y notariales correspondientes y a todas las disposiciones de ley pertinentes.

*Se dictará sentencia en conformidad con lo antes expuesto.*

El Juez Asociado Señor Negrón García hace constar que impondría una sanción mayor. El Juez Asociado Señor Rebollo López hace constar que, no obstante entender que en vista de la

conducta en que ha incurrido el notario querellado efectivamente resulta procedente la suspensión de éste del ejercicio del notariado en Puerto Rico, sostiene que el Tribunal, al imponerle a dicho notario una sanción de solamente tres (3) meses de suspensión, incurre en una grave inconsistencia e injusticia, ya que en situaciones en el pasado que envolvían violaciones similares a la Ley Notarial de Puerto Rico por parte de otros notarios, el Tribunal impuso sanciones disciplinarias mucho más severas; esto es, o se está siendo muy condescendiente en el día de hoy con el notario aquí en controversia o se fue muy severo e injusto con los notarios anteriormente disciplinados.