*In re* RAÚL A. CANDELARIO LÓPEZ.

*Número:* TS-8338          *Resuelto:* 31 de octubre de 1996

*Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, y Edgardo Ortiz Bauzá, Director Interino de la Oficina de Inspección de Notarías.*

PER CURIAM: Mediante una Comunicación de 5 de julio de 1996, el Lcdo. Edgardo Ortiz Bauzá, Director Interino de la Oficina de Inspección de Notarías, nos informó que el abogado-notario Raúl A. Candelario López había desatendido su deber de comparecer a la Oficina de Inspección de Notarías a contestar unos requerimientos hechos por la Directora de dicha Oficina, la Lcda. Carmen H. Carlos. Según se desprende de un informe que rindiera la Lcda. Carmen E. Rodríguez Pardo, Inspectora de Protocolos, el 25 de junio de 1996, a la Oficina de Inspección de Notarías, el licenciado Candelario López tiene pendientes, desde el 9 de mayo de 1995, varias deficiencias en su obra notarial, las cuales hasta el momento no han sido corregidas. Algunas de las deficiencias que la Inspectora de Protocolos incluye en su informe son la ausencia total de Sellos para Asisten-

cia Legal en un libro completo de Registro de Testimonios y unos instrumentos públicos que adolecen de nulidad por faltar las firmas de los comparecientes.

A raíz de la comunicación del Director Interino mencionada anteriormente, este Tribunal emitió una Resolución el 23 de agosto de 1996, mediante la cual le concedimos al Lcdo. Raúl A. Candelario López un término de veinte (20) días para comparecer ante la Oficina de Inspección de Notarías a contestar los requerimientos hechos por la Directora de dicha entidad. Además, le apercibimos que de no cumplir con la resolución sería suspendido automáticamente de la abogacía y de la notaría.

A pesar de lo anterior, el licenciado Candelario López no compareció ante la Oficina de Inspección de Notarías en el término concedido por este Tribunal, en contravención con lo ordenado en la Resolución de 23 de agosto de 1996.

■ La actitud de indiferencia y displicencia del licenciado Candelario López, no sólo a los requerimientos de la Directora de la Oficina de Inspección de Notarías, sino también a lo ordenado por este Tribunal en la aludida resolución, demuestran su falta de interés en cumplir con sus deberes como abogado y notario, lo cual no nos deja otra alternativa que suspenderlo indefinidamente de la abogacía y la notaría.

La naturaleza e importancia de las funciones de un abogado-notario exigen una observancia estricta de las órdenes de los tribunales. Su *desobediencia voluntaria* a este tipo de comunicación obstaculiza y debilita la función reguladora de este Tribunal sobre la profesión. *In re Colón Torres*, 129 D.P.R. 490 (1991).

■ Este Tribunal ha señalado en reiteradas ocasiones lo siguiente:

"Es conocido ya, por todos los miembros de la clase togada, que la naturaleza de su función requiere una escrupulosa aten-

ción y obediencia a las órdenes de este Tribunal, ... particularmente cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada." *In re Pagán Ayala*, 130 D.P.R. 678, 681 (1992). Véanse: *In re Bonaparte Rosaly*, 130 D.P.R. 199, 201 (1992); *In re Colón Torres*, supra, págs. 492–493.

Ante la inexplicada falta de atención del Lcdo. Raúl A. Candelario López a la resolución mencionada anteriormente, *procede que decretemos su suspensión indefinida del ejercicio de la abogacía y la notaría, según se le había apercibido. Se ordena al Alguacil General de este Tribunal que proceda a incautar la obra notarial del Lcdo. Raúl A. Candelario López. Esta opinión y sentencia deberá ser notificada personalmente al Lcdo. Raúl A. Candelario López a través de la Oficina del Alguacil General de este Tribunal.*

*Se dictará sentencia de conformidad.*