5230                                                                    1

En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|---|---|
| JOSE A. CASIANO SILVA<br>    Querellado<br><br>   .V | TSPR98-45 |

Número del Caso: 5230

Abogados Parte Demandante: Lic. Carmen H. Carlos
Directora de Inspección de Notarías

Abogados Parte Demandada: Por derecho propio

Abogados Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 4/17/1998

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Casiano Silva                    5230

PER CURIAM

San Juan, Puerto Rico a 17 de abril de 1998

El 21 de febrero de 1997, la Directora de la Oficina de Inspección de Notarías (en adelante Directora), le envió al abogado notario José A. Casiano Silva una copia del Informe sometido por el Inspector de Protocolos, Lcdo. Gerónimo Lluberas Kells, de fecha 18 de febrero.  En dicho informe se le señalaba que una inspección de su obra notarial reflejaba varias deficiencias.  Entre éstas, la falta de cancelación de los siguientes sellos:

        Sellos de Rentas Internas – $4,190
        Sellos Notariales de $1.00–      20

Sellos de Asistencia Legal –                         2,550
de $2.00
                                         Total – $6,760[1]

Se le indicó además, que dentro de los protocolos existían una serie de actas de corrección y que ninguna tenía contra referencia según lo requiere el Art. 29 de la Ley Núm. 75 de 2 de julio de 1987, según enmendada, conocida como la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2047.

El 6 de agosto la Directora nos sometió un Informe sobre el estado de la notaría del licenciado Casiano Silva. De tal informe se desprende que éste desatendió todos los requerimientos de la Oficina de Inspección de Notarías (en adelante Oficina) e incumplió con su deber de corregir diligentemente las deficiencias señaladas o contestar para exponer discrepancias. Véase, In re Jusino López, P.C. de 13 de marzo de 1998; 144 D.P.R. _____ (1998); 98 J.T.S._____. Además, indicó que las deficiencias en sellos señaladas en el Informe del Inspector de Protocolos Lluberas Kells aún subsistían: debía un total de seis mil setecientos sesenta dólares ($6,760) en sellos. Estas deficiencias cubren los protocolos de los años 1991, 1992, 1993, 1994 y 1995.

El 12 de septiembre le concedimos al licenciado Casiano Silva un término para que corrigiera las deficiencias señaladas por la Directora y mostrara causa por la cual no se

le debía imponer una sanción disciplinaria por las faltas señaladas y por no haber atendido con diligencia los requerimientos de la Directora para su pronta corrección.

El 29 de octubre la Directora nos sometió un Informe de Seguimiento en el cual nos indicó que el licenciado Casiano Silva aún no se había comunicado con su Oficina, es decir, aún no había corregido las deficiencias señaladas ni mostrado causa según le habíamos

requerido. Un día más tarde compareció el licenciado Casiano Silva y alegó que las deficiencias en los protocolos del 1991, 1992, 1993, 1994 y 1995 habían sido corregidas, con excepción de dos escrituras de 1992 (las Escrituras números 4 y 10). Respecto a estas dos (2) últimas expresó, que entendía no aplicaba el "arancel por tratarse de transacciones en [las] cual[es] una entidad/agencia del gobierno comparece como parte vendedora y [por lo tanto], aplica la regla o norma de exención de pago de arancel." Señaló, además, que el protocolo del 1996 estaba disponible para inspección y que las actas señaladas tenían las correspondientes contra referencias. Por último, añadió que necesitaba más tiempo, hasta el 1ro de diciembre de 1997, para corregir las deficiencias señaladas al Registro de Declaraciones Juradas. Indicó que en esa misma fecha haría una expresión en el asunto mostrando causa.

Así las cosas, el 21 de noviembre le concedimos a la Directora un término para que se expresara sobre la moción presentada por el licenciado Casiano Silva. La Directora compareció e informó que el licenciado Casiano Silva fue debidamente citado para una reinspección el 21 de enero de 1998. Días antes de la reinspección acordada, el licenciado Casiano Silva le indicó a ésta que no podía recibir al Inspector de Protocolos. La Directora le informó a su vez que "con razonable anticipación había sido notificado de la fecha de reinspección lo cual también había sido objeto de informe [al...] Tribunal [Supremo] y que satisfacer la cantidad adeudada y proceder a la cancelación correspondiente en sus protocolos no confligía con su viaje ya que el Inspector podía reinspeccionar si se le facilitaba la visita a través de su agente o secretaria." El licenciado Casiano Silva se comprometió a estar en su oficina para que se pudiese llevar a cabo la reinspección. No obstante, no facilitó la visita del Inspector de Protocolos y no se pudo hacer la reinspección.

---

[1]   Los Indices Notariales del licenciado Casiano Silva reflejan una práctica notarial de naturaleza intensa en el área de autorización de

El licenciado Casiano Silva no ha dado cumplimiento a nuestra Resolución de 12 de septiembre de 1997. No ha mostrado causa por la cual no deba ser disciplinado ni nos ha demostrado que corrigió las deficiencias en su Registro de Testimonios. Su falta de cooperación ha impedido que la Oficina de Inspección de Notarías realice una reinspección para comprobar que los sellos por seis mil setecientos sesenta dólares ($6,760) fueron adheridos y cancelados.

## II

A pesar de este Tribunal haberse expresado reiteradamente con claridad sobre el deber que tiene todo notario de adherir los sellos de rentas internas, notariales y asistencia legal al momento de llevar a cabo el acto notarial correspondiente, y de las serias consecuencias que el incumplimiento con dicho deber podría acarrear, encontramos que el mensaje aún no ha calado en todos los miembros de la profesión notarial. Nuestras expresiones sobre este particular han sido precisas, claras y contundentes.

Este Tribunal, una y otra vez, ha enfatizado la obligación de los notarios en Puerto Rico de cancelar los sellos notariales y de rentas internas inmediatamente que se lleva a cabo por ellos el acto notarial correspondiente. In re Quidgley Viera, 119 D.P.R. 72, 73 (1987). Hemos expresado que la omisión de esta obligación expone al notario a graves sanciones disciplinarias, incluso la separación del ejercicio de la abogacía. In re Feliciano, 115 D.P.R. 172, 181 (1984). La no cancelación de los sellos de rentas internas, inmediatamente después de otorgarse una escritura, no sólo constituye una violación a la Ley Notarial de Puerto Rico, sino que podría incluso resultar en la configuración de un delito de apropiación ilegal. In re Merino Quiñones, 115 D.P.R. 812, 813 (1984). Así pues, hemos resuelto "que el dejar un notario de fijar y cancelar los sellos de rentas internas en las escrituras públicas que otorga constituye causa suficiente para

testimonios.

separarle del ejercicio de la profesión de abogado-notario." <u>In re Ramos</u>, 77 D.P.R. 107, 109 (1954).

Véase, además: <u>In re Currás</u>, 81 D.P.R. 645 (1960).

Finalmente, cabe señalar que "[e]s innecesario repetir, por ser bien conocidos de la profesión, los preceptos de la Ley [Notarial de Puerto Rico] que requieren la cancelación de estampillas notariales y sobre derechos arancelarios en los instrumentos públicos que los notarios autoricen...." <u>In re Platón</u>, 113 D.P.R. 273, 274 (1981). Se intenta proteger que se defraude al erario cuando el notario obstinadamente no adhiere los sellos que dispone la Ley. <u>In re Platón</u>, supra.

Estamos de acuerdo con la Directora en que una vez el notario ha sido debidamente citado, inspeccionado y notificado por la Oficina de Inspección de Notarías de las deficiencias arancelarias, el no proceder a cancelar dichos sellos constituye un abierto incumplimiento con el deber estricto y continuado de adherir oportunamente el arancel dispuesto por Ley. Véase, la Sec. 2 de la Ley Núm. 101 de 12 de mayo de 1943, según enmendada, 4 L.P.R.A. sec. 851, en armonía con la Ley Notarial de Puerto Rico. También estamos de acuerdo con la Directora en que los notarios deben cumplir cabalmente con la norma claramente establecida por este Tribunal de que los sellos de rentas internas, notariales y de asistencia legal deben adherirse y cancelarse al momento de autorizar el documento. En el futuro tomaremos en consideración como un agravante al imponer la sanción al notario por deficiencias de esta naturaleza, su falta de diligencia comprobada por el hecho de que fue necesaria una reinspección para verificar el cumplimiento.

Sobre este particular la Directora elocuentemente en su informe señala lo siguiente:

> **Muy respetuosamente planteamos además que, asuntos como el que nos ocupa, permiten sentar una normativa inequívoca respecto al significado de la obligación del notario de cancelar los sellos notariales y de rentas internas <u>inmediatamente</u> que se lleva a cabo por ellos el acto**

**notarial correspondiente, frente a la función fiscalizadora del Inspector de Protocolos.**

Ciertamente, constituye a nuestro entender una circunstancia altamente indeseable, al margen de la ética notarial, el hecho de que un notario, a pesar de haber sido debidamente notificado de la inspección a efectuarse en sus protocolos y registros de testimonios, no haya a ese momento cancelado aún los correspondientes derechos arancelarios en gran parte de su obra notarial sin razones justificadas. Sobre todo cuando en la mayoría de los casos la inspección comprende protocolos de instrumentos públicos autorizados años atrás. Tal proceder, además de constituir un abierto desafío a las normas pautadas por este Honorable Tribunal, contribuye a que se dilate, entorpezca y encarezca innecesariamente el proceso de inspección. En la gran mayoría de las ocasiones, el señalamiento repetido por dejar de adherir y cancelar sellos de rentas internas implica inexorablemente un proceso de reinspección que económicamente sufraga el Estado.

Mina también el buen sentir de lo que profesionalmente exige la mejor práctica notarial. Hay que tener presente que, en nuestro sistema jurídico notarial, la expedición de copias certificadas expresando que se han cancelado los correspondientes derechos arancelarios, ocurre la gran mayoría de las veces prácticamente en forma simultánea a la autorización del documento o instrumento público. Posponer innecesariamente la cancelación de los aranceles notariales en los originales y dar fe por otra parte de que se ha cumplido con este deber notarial, representa una burla al principio de la dación de fe notarial.

Por otra parte, la función del Inspector de Protocolos es una de vigilancia y supervisión de que se ha dado cumplimiento a la función notarial. **In re Colón, 92 J.T.S. 98.** Representa la acción de inspeccionar y evaluar el protocolo del notario en provecho del interés privado y público. Como tal, en lo que respecta al deber de cancelar los aranceles y estampillas notariales, le corresponde detectar las diferencias o errores de cómputo cometidos de buena fe, que hayan podido ocurrir; al notario le corresponde haber cumplido con el deber de cancelarlos al momento de la autorización. No puede ni debe esperar a que se le inspeccionen los protocolos para entonces proceder a adherir y cancelar los referidos sellos. En tal caso, se trata no de deficiencias en la cancelación, sino de una ausencia total de sellos en los instrumentos autorizados. Ello provoca, frente al Inspector, una circunstancia que representa una tácita aceptación de incumplimiento con ese deber. **In re Feliciano, 115 D.P.R. 172 (184)** [sic].

...

De ordinario, y a pesar de la seriedad de la violación que discutimos, se ha considerado permisible que hasta el mismo momento de la determinación de deficiencias por el Inspector, los sellos de rentas internas puedan ser adheridos en los instrumentos públicos que forman parte del protocolo. **Sarah Torres Peralta, Derecho Notarial de Puerto Rico, Secc. 1310** [sic]. Comenta esta autora que este tipo de situación ha sido tolerada hasta el presente,

a todos los niveles <u>incluyendo los Inspectores y la Oficina de Inspección de Notarías</u>. Lo cierto es que como regla general, <u>reinspeccionada</u> la obra por razón de haber sido objeto de este señalamiento y cumplido el deber, – aunque en etapa posterior al otorgamiento, – se da por aprobada ésta sin ulteriores consecuencias. Ello a pesar de que el cumplir al momento de la inspección o reinspección o en cualquier etapa posterior al del otorgamiento no exime de la sanción disciplinaria. **In Re Colón, JTS 98** [sic].

Constituye el sentir de los Inspectores de Protocolos y de esta Oficina que resulta injusto que notarios que crasa y abiertamente violan este deber hasta el momento de la inspección no resulten sancionados por el cumplimiento tardío y solo porque interviene el Inspector. Es injusto también para aquellos que cumplen con la Ley dentro de los parámetros dictados por esta alta Honorable Superioridad. Nos preocupa, además, en términos de imagen y valores ético-morales, que el Inspector, a pesar del conocimiento de las exigencias de nuestra Ley y la jurisprudencia, se convierta, en cierto modo, en cómplice de esta violación. (nota al calce omitida)

Frente a esta discordancia entre la realidad jurídica y la práctica, consideramos que deben realizarse los ajustes necesarios para incentivar más cabalmente el cumplimiento de la normativa establecida por este Honorable Tribunal de proceder inmediatamente a la cancelación de los derechos arancelarios. De tener que recurrirse a la reinspección, en tales casos debe multarse al notario para recuperar los gastos adicionales y apercibírsele contra ulteriores inobservancias. (Enfasis en el original.)

En este caso el licenciado Casiano Silva no sólo ha hecho caso omiso a los requerimientos de la Oficina de Inspección de Notarias, sino que además no ha dado cumplimiento a lo que le ordenáramos. A pesar de lo alegado, éste no ha corregido las deficiencias señaladas, aún debe seis mil setecientos sesenta dólares ($6,760) en sellos y no ha mostrado causa por la cual no deba ser disciplinado. Reiteradamente hemos recalcado la importancia que tiene el que tanto los abogados como los notarios cumplan con las órdenes de este Tribunal. El incumplimiento podría acarrear la suspensión indefinida de la profesión de la profesión jurídica. <u>In re Claudio Ortiz</u>, P.C. de 8 de noviembre de 1996; 141 D.P.R.____(1996); 96 JTS 153, pág. 356 e <u>In re Candelario López</u>, P.C. de 31 de octubre de 1996; 141 D.P.R.____(1996); 96 JTS 147, pág. 309.

III


Tomando en consideración todo lo antes expuesto, se decreta la suspensión indefinida del ejercicio de la abogacía del Lcdo. José Antonio Casiano Silva.

Se ordena al Alguacil General de este Tribunal que proceda a incautar la obra notarial del Lcdo. José Antonio Casiano Silva.

La presente Opinión Per Curiam y Sentencia deberá ser notificada personalmente al Lcdo. José Antonio Casiano Silva por la Oficina del Alguacil General de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Casiano Silva                    5230

SENTENCIA

San Juan, Puerto Rico a 17 de abril de 1998

Por los fundamentos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se decreta la suspensión indefinida del Lcdo. José Antonio Casiano Silva del ejercicio de la abogacía. El Alguacil de este Tribunal se incautará inmediatamente de su obra notarial para el trámite de rigor correspondiente por la Directora de Inspección de Notarías.

Además, se ordena al alguacil de este Tribunal que notifique personalmente al Lcdo. José Antonio Casiano Silva de lo aquí dictaminado.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo