PER CURIAM
(Regla 50)
Mediante comunicación de 9 de enero de 2007 de la Directora Interina de la Oficina de Inspección de Notarías (ODIN), fuimos informados que un examen realizado por una de las Inspectoras de Protocolos de dicha Oficina en noviembre de 2004 de la obra notarial del abogado-notario Gilberto Salas Arana había revelado serias deficiencias en su función notarial. Dichas deficiencias son: la falta de la firma del notario en cincuenta y cinco instrumentos públicos;(1) cinco testamentos con identificación dual del testador; una deficiencia arancelaria, en ese momento, de $17,380 aproximadamente,(2) y alrededor de 1951 testimonios sin entrada en el Registro de Testimonios, entre otros.
Una visita posterior de reinspección de la Inspectora de Protocolos a la oficina de Salas Arana —el 12 de octubre de 2006— reveló que, a esa fecha, la deuda arancelaria había aumentado a $87,923. Como correctamente nos señala la Directora Interina de ODIN en su informe de 9 de enero de 2007, en el presente caso “la situación se agrava porque la obra del notario refleja otras deficiencias de naturaleza grave y de carácter repetitivo, que ponen en entredicho la eficacia de los instrumentos públicos y los testimonios autorizados” por el notario en controversia. Informe sobre Es *204 tado de la Notaría del Ledo. Gilberto Salas Arana de 9 de enero de 2007, pág. 2.
Ante esta alarmante y seria situación, sin ulterior trámite y al amparo de las disposiciones de la Regla 50 de nuestro Reglamento, 4 L.RR.A. Ap. XXI-A, resolvemos el asunto que se nos plantea, ello en protección de la ciudadanía.
I
En reiteradas ocasiones este Tribunal se ha ex-presado sobre el deber que tiene todo notario de cancelar las correspondientes estampillas, inmediatamente después del acto notarial realizado, y de las serias consecuencias del incumplimiento con dicho deber. In re Amundaray Rivera, 163 D.P.R. 251 (2004); In re Casiano Silva, 145 D.P.R. 343, 347 (1998); In re Cardona Estelritz, 137 D.P.R. 453, 455 (1994). Hemos señalado que esta práctica de no cancelar los correspondientes sellos de Rentas Internas, inmediatamente que se otorga una escritura, no sólo constituye una violación a la Ley Notarial sino que podría, incluso, resultar en la configuración de un delito de apropiación ilegal. In re Merino Quiñones, 115 D.P.R. 812 (1984). Resulta verdaderamente intolerable que en nuestra jurisdicción se adeude tan elevada suma de dinero por este concepto.
Por otro lado, la falta de la firma del notario Salas Arana en cincuenta y cinco instrumentos otorgados constituye un craso incumplimiento con los Arts. 16, 24, 28 y 34 de la Ley Notarial (4 L.P.R.A. sees. 2034, 2042, 2046 y 2052) y de las Reglas 34 y 36 de su reglamento, 4 L.P.R.A. Ap. XXIV, omisión que puede causar que se decrete la nulidad de dichos instrumentos. Esto es una falta notarial grave que acarrea la imposición de sanciones disciplinarias serias. In re Amundaray Rivera, ante; In re Sánchez Quijano, 148 D.P.R. 509 (1999).
*205 HH hH
En vista de todo lo antes expuesto, se suspende inmediatamente de ejercicio de la notaría en Puerto Rico a Gilberto Salas Arana. El Alguacil del Tribunal Supremo deberá incautarse, de inmediato, de la obra notarial de éste y entregarla a la Oficina de Inspección de Notarías para la investigación e informe. El abogado Salas Arana tendrá el término improrrogable de quince días para mostrar causa por la cual este Tribunal no debe, además, decretar su suspensión de la práctica de la abogacía en esta jurisdicción.

Se dictará sentencia de conformidad.

 Esta deficiencia fue con relación a escrituras de capitulaciones matrimoniales, emancipaciones, compraventas, donaciones, cancelaciones de hipotecas, ratificaciones y poderes.

 Esta suma de dinero es aproximada debido a que requiere aclaración ulterior en la valorización de algunos instrumentos. Sin embargo, se estima, hasta el momento, en $1,365 en sellos de Rentas internas, $16,000 en sellos de Asistencia Legal y $15 de impuesto notarial.