EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                   | 2008 TSPR 93    |
|                          |                 |
| Stella Caballero Bastard | 174 DPR _____   |

Número del Caso: TS-3735

Fecha: 2 de mayo de 2008

Abogada de la Parte Peticionaria:

Por Derecho Propio

Colegio de Abogados de Puerto Rico:

Lcda. María de Lourdes Rodríguez
Oficial Investigadora

Oficina de Inspección de Notarías:

Lcda. Marla D. Ríos Díaz
Directora Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Stella Caballero Bastard

TS-3735

PER CURIAM

San Juan, Puerto Rico, a 2 de mayo de 2008

El 1 de febrero de 2007 la Comisión de Ética del Colegio de Abogados presentó una "moción informativa sobre incumplimiento de colegiada". En dicha moción nos informó que la Lcda. Stella Caballero Bastard no había respondido los requerimientos para que contestara la queja que presentó contra ella la Sra. Carmen Moreta Sigaran el 2 de junio de 2006.

Mediante Resolución de 2 de marzo de 2007 le concedimos un término improrrogable de veinte días para contestar los requerimientos del Colegio de Abogados. Le apercibimos que el incumplimiento con los términos de la Resolución podría conllevar sanciones disciplinarias. Dicha Resolución fue

notificada personalmente a Caballero Bastard el 13 de marzo de 2007.

Por otro lado, el 20 de marzo de 2007 la Directora Interina de la Oficina de Inspección de Notarías presentó un "Informe sobre el Estado de la Obra Notarial Incautada" de la licenciada Caballero Bastard.[1] En el informe se destaca que la obra notarial de Caballero Bastard "refleja una situación crítica que comprende incumplimiento con requisitos sustantivos que atentan contra la validez de los negocios jurídicos contenidos en los instrumentos públicos autorizados. En algunos casos se trata de requisitos esenciales, cuya ausencia puede causar la nulidad o anulabilidad de los mismos." Atendido el informe, mediante Resolución de 18 de mayo de 2007, concedimos el término de veinte días para que Caballero Bastard expresara su posición sobre las serias deficiencias encontradas en su obra notarial. Esta Resolución también fue notificada personalmente a Caballero Bastard el 21 de junio de 2007. Al día de hoy no ha comparecido.

I

Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber

---

[1] La licenciada Caballero Bastard fue suspendida por este Tribunal del ejercicio de la Notaría el 22 de noviembre de 2005.

de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de conducta profesional.

Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In re*: Ríos Acosta, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. *In re*: Rodríguez Mena, 126 D.P.R. 202 (1990).

Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, en lo relativo a la exigencia de respeto hacia los tribunales. *In re*: Salichs Martínez, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. *In re*: Osorio Díaz, 146 D.P.R. 39 (1998); *In re*: González Albarrán, 139 D.P.R. 543 (1995); *In*

*re*: Serrano Mangual, 139 D.P.R. 602 (1995); *In re*: Bonaparte Rosaly, 131 D.P.R. 908 (1992); *In re*: Colón Torres, 129 D.P.R. 490 (1991).

Por otro lado, en reiteradas ocasiones este Tribunal se ha expresado sobre el deber que tiene todo notario de cancelar las correspondientes estampillas, inmediatamente después del acto notarial realizado, y de las serias consecuencias del incumplimiento con dicho deber. In re: Amundaray Rivera, 2004 TSPR 191; In re: Casiano Silva, 145 D.P.R. 343, 347 (1998); In re: Cardona Esterlitz, 137 D.P.R. 453, 455 (1994). Hemos señalado que esta práctica de no cancelar los correspondientes sellos de Rentas Internas, inmediatamente que se otorga una escritura, no sólo constituye una violación a la Ley Notarial sino que podría, incluso, resultar en la configuración de un delito de apropiación ilegal. In re: Merino Quiñones, 115 D.P.R. 812 (1984).

Además, la falta de las iniciales, la firma y el no utilizar los testigos requeridos por ley en varios de los instrumentos otorgados cuando Caballero Bastard era notario constituyen de un craso incumplimiento con los Artículos 16, 24, 28 y 34 de la Ley Notarial y de las Reglas 34 y 36 de su Reglamento, omisión que puede causar que se decrete la nulidad de dichos instrumentos. Esto es una falta notarial grave que acarrea la imposición de serias sanciones disciplinarias. In re: Amundaray Rivera, ante; In re: Sánchez Quijano, 148 D.P.R. 509 (1999).

## II

De todo lo antes expuesto, resulta obvio que, después de haber sido suspendida del ejercicio de la notaría, a Stella Caballero Bastard tampoco le interesa seguir ejerciendo la honrosa profesión de abogado por lo que procede que decretemos la separación inmediata e indefinida de ésta del ejercicio de la abogacía en nuestra jurisdicción.

Deberá corregir, de forma inmediata y a sus expensas, las deficiencias señaladas en el Informe de la Oficina de Inspección de Notarías.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Stella Caballero Bastard

TS-3735

SENTENCIA

San Juan, Puerto Rico, a 2 de mayo de 2008

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida de Stella Caballero Bastard del ejercicio de la abogacía en nuestra jurisdicción hasta que otra cosa disponga este Tribunal. Además, se le ordena corregir, de forma inmediata y a sus expensas, las deficiencias señaladas en el Informe de la Oficina de Inspección de Notarías.

Asimismo, le imponemos a ésta el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

Esta Sentencia deberá ser notificada personalmente por la Oficina del Alguacil del Tribunal Supremo.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo