per curiam:
El 1 de febrero de 2007 la Comisión de Ética del Colegio de Abogados presentó una “Moción informativa sobre incumplimiento de colegiada”. En dicha moción nos informó que la Leda. Stella Caballero Bastard no había respondido los requerimientos para que contestara la queja que presentó contra ella la Sra. Carmen Moreta Si-garan el 2 de junio de 2006.
*675 Mediante Resolución de 2 de marzo de 2007, le concedi-mos un término improrrogable de veinte días para contes-tar los requerimientos del Colegio de Abogados. Le aperci-bimos que el incumplimiento con los términos de la resolución podría conllevar sanciones disciplinarias. Dicha resolución fue notificada personalmente a Caballero Bastard el 13 de marzo de 2007.
Por otro lado, el 20 de marzo de 2007 la Directora Inte-rina de la Oficina de Inspección de Notarías presentó un “Informe sobre el estado de la obra notarial incautada” de la licenciada Caballero Bastard.(1) En el informe se destaca que la obra notarial de Caballero Bastard “refleja una si-tuación crítica que comprende incumplimiento con requisi-tos sustantivos que atentan contra la validez de los nego-cios jurídicos contenidos en los instrumentos públicos autorizados. En algunos casos se trata de requisitos esen-ciales, cuya ausencia puede causar la nulidad o anulabili-dad de los mismos”. Informe sobre el Estado de la Obra Notarial Incautada, pág. 2. Atendido el informe, mediante Resolución de 18 de mayo de 2007 concedimos el término de veinte días para que Caballero Bastard expresara su posición sobre las serias deficiencias encontradas en su obra notarial. Esta resolución también fue notificada per-sonalmente a Caballero Bastard el 21 de junio de 2007. Al día de hoy no ha comparecido.
I
Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos *676 sido enfáticos al señalar que la naturaleza y práctica de la abogacía requieren una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la es-fera de la conducta profesional.
Asimismo, hemos expresado que ¿1 compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re Ríos Acosta I, 143 D.P.R. 128 (1997). Atono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. In re Rodríguez Mena, 126 D.P.R. 205 (1990).
Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo relativo a la exigencia de respeto hacia los tribunales. In re Salichs Martínez, 131 D.P.R. 481 (1992). De más está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal o indefinida del ejercicio de la abogacía. In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re González Albarrán, 139 D.P.R. 543 (1995); In re Bonaparte Rosaly, 131 D.P.R. 908 (1992); In re Colón Torres, 129 D.P.R. 490 (1991).
Por otro lado, en reiteradas ocasiones este Tribunal se ha expresado sobre el deber que tiene todo notario de cancelar las correspondientes estampillas, inmediatamente después del acto notarial realizado, y de las serias consecuencias del incumplimiento con dicho deber. In re Amundaray Rivera, 163 D.P.R. 251 (2004); In re Casiano Silva, 145 D.P.R. 343, 347 (1998); In re Cardona Estelritz, *677 137 D.P.R. 453, 455 (1994). Hemos señalado que esta prác-tica de no cancelar los correspondientes sellos de rentas internas inmediatamente que se otorga una escritura, no sólo constituye una violación a la Ley Notarial, sino que incluso podría resultar en la configuración de un delito de apropiación ilegal. In re Merino Quiñones, 115 D.P.R. 812 (1984).
Además, la falta de las iniciales y de la firma, y el no utilizar los testigos requeridos por ley en varios de los instrumentos otorgados cuando Caballero Bastard era notario, constituyen un craso incumplimiento con los Arts. 16, 24, 28 y 34 de la Ley Notarial, 4 L.P.R.A. sees. 2035, 2042, 2046 y 2052, y de las Reglas 34 y 36 de su Reglamento, 4 L.P.R.A. Ap. XXIV, omisión que puede causar que se decrete la nulidad de dichos instrumentos. Esto es una falta notarial grave que acarrea la imposición de serias sanciones disciplinarias. In re Amundaray Rivera, ante; In re Sánchez Quijano, 148 D.P.R. 509 (1999).
II
De todo lo antes expuesto, resulta obvio que, después de haber sido suspendida del ejercicio de la notaría, a Stella Caballero Bastard tampoco le interesa seguir ejerciendo la honrosa profesión de abogado, por lo que procede, que de-cretemos su separación inmediata e indefinida del ejercicio de la abogacía eri nuestra jurisdicción. Deberá corregir, de forma inmediata y a sus expensas, las deficiencias señala-das en el Informe de la Oficina de Inspección de Notarías.

Se dictará sentencia de conformidad.

 La licenciada Caballero Bastard fue suspendida por este Tribunal del ejerci-cio de la notaría el 22 de noviembre de 2005.