*In re* José J. Colón Torres.

*Número:* AB-91-5      *Resuelto:* 13 de diciembre de 1991

*José J. Colón Torres, pro se.*

PER CURIAM: Como en reiteradas instancias, un ciudadano afectado por la actitud negligente de un abogado invoca nuestra jurisdicción disciplinaria para vindicar sus reclamos. Nos encontramos nuevamente ante un abogado que, en repetidas ocasiones, ha incumplido los requerimientos de este Tribunal en una investigación originada por una queja de un cliente debido a deficiencias en los servicios profesionales rendidos. En este caso en particular, su incumplimiento con nuestras resoluciones justifica su suspensión indefinida del ejercicio de la abogacía.

I

El 6 de febrero de 1991 se presentó en la Secretaría de este Tribunal una queja contra el Lcdo. José J. Colón Torres. Esta queja fue presentada por el Sr. Rafael A. Dávila, antiguo cliente de Colón Torres. En ella se alegaba que el letrado había aceptado representarle a él y a un

grupo de condóminos que interesaban la segregación de una finca de cinco cuerdas y media (5½) que poseían en el Barrio Malpica de Río Grande. Se acordó que se pagarían $2,000 de honorarios, los cuales debían ser pagados a la brevedad, y $700 adicionales para sellos y escrituras. Según Colón Torres, el caso no planteaba mayores dificultades y aseguró que estaría resuelto en dos (2) o tres (3) meses. Los clientes comenzaron a realizar los pagos según lo acordado y el licenciado Colón logró que el caso se reabriera en la Administración de Reglamentos y Permisos. Ya los condóminos habían intentado infructuosamente la segregación.

Así las cosas, los condóminos pagaron las fianzas y obtuvieron los endosos de la Autoridad de Energía Eléctrica, la Autoridad de Acueductos y Alcantarillados, el Departamento de Parques y Recreos Públicos y el Departamento de Recursos Naturales.

Después de transcurrido el tiempo estimado por el licenciado Colón para culminar la gestión, los condóminos intentaron infructuosamente localizarlo. Las pocas veces que lo hallaban, les prometía que pronto se firmarían las escrituras. Citó a los clientes dos (2) veces en la finca y no se presentó. Al avanzar el tiempo, el quejoso fue a la Administración de Reglamentos y Permisos a indagar en cuanto al estado del caso. Allí le informaron que el caso había sido cerrado nuevamente.

Ante la queja presentada por estos hechos, el Secretario General de este Tribunal le cursó una comunicación al licenciado Colón Torres en la cual le ponía sobre aviso de la queja presentada y donde le concedía diez (10) días para que notificara su versión de los hechos. Precisamente, diez (10) días más tarde el licenciado Colón Torres contestó la queja presentada en su contra. Admitió lo contenido en la queja, pero adujo que su comportamiento respondió únicamente a su falta de experiencia. En su misiva, solicitó a los clientes una oportunidad para subsanar su error. Poco

tiempo después llegó a la Secretaría del Tribunal la réplica del señor Dávila. En ésta se solicitó del licenciado la devolución de los honorarios satisfechos y el expediente del caso, además de una carta de renuncia para poder contratar otra representación legal.

Mediante Resolución de 21 de marzo de 1991, ordenamos al licenciado Colón Torres a que dentro de los siguientes veinte (20) días procediera a realizar lo solicitado por el señor Dávila. Le apercibimos, además, de que en futuras ocasiones debía observar estrictamente lo dispuesto en el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El 16 de mayo de 1991 el licenciado Colón Torres no había devuelto el dinero ni el expediente. Ante esta situación, el 31 de mayo de 1991 emitimos una segunda resolución, concediéndole quince (15) días adicionales para acatar lo ordenado previamente; le anticipamos, además, que su incumplimiento conllevaría su suspensión automática del ejercicio de la abogacía. Ordenamos al señor Alguacil General que notificara personalmente al licenciado Colón Torres. Del expediente surge que el 23 de julio recibió, personalmente, copia de las dos (2) resoluciones emitidas.

El 6 de septiembre de 1991, ante la incomparecencia del letrado, procedimos a decretar su suspensión provisional del ejercicio de la abogacía. Simultáneamente, le concedimos veinte (20) días para que nos mostrara causa, si alguna tenía, por la cual no debía ser suspendido indefinidamente del ejercicio de la profesión. El licenciado Colón Torres no ha comparecido. Su actitud es contraria a las normas éticas que requieren del abogado un comportamiento estricto con las órdenes de este Tribunal.

## II

Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribu-

nal, particularmente cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada. *In re Pagán Ayala*, 115 D.P.R. 814 (1984). Con demasiada frecuencia innumerables miembros de la profesión arriesgan sus títulos con la actitud de dejadez y desidia que demuestran. En muchas más ocasiones que las deseables, simples amonestaciones se convierten en suspensiones indefinidas por la testarudez y contumacia de los abogados que no cumplen con nuestras órdenes. La situación de autos es una de ellas.

Consideramos que la "indebida, irrazonable e inexcusable tardanza" del licenciado Colón Torres, en cumplir con nuestras órdenes, constituye una falta de respeto hacia los pronunciamientos de este Tribunal. *In re Díaz García*, 104 D.P.R. 171, 174 (1975). La naturaleza y la importancia de sus funciones reclaman del abogado una observancia estricta de las órdenes de los tribunales. Su voluntaria desobediencia a este tipo de comunicación obstaculiza y debilita nuestra función reguladora de la profesión.

En estas circunstancias, *procede su suspensión indefinida de la abogacía.*

*Se dictará la sentencia correspondiente.*