*In re* RAMÓN CLAUDIO GUZMÁN.

*Número:* 3829          *Resuelto:* 8 de noviembre de 1996

*Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías.*

PER CURIAM: Hoy decretamos la suspensión indefinida del ejercicio de la abogacía de Ramón Claudio Ortiz.

## I

Los hechos y el trámite procesal que justifican esta suspensión se exponen a continuación.

El 1ro de noviembre de 1995, la Directora de la Oficina de Inspección de Notarías (en adelante la Directora) nos notificó de problemas relacionados a la notaría del Lcdo. Ramón Claudio Ortiz. La Directora expuso que el 27 de diciembre de 1993, el Inspector de Protocolos rindió un informe en el cual relató los hallazgos de su inspección de la notaría del licenciado Claudio Ortiz. Ese informe reflejaba deficiencias encontradas en los Protocolos correspondientes a 1988–1990. La Directora también señaló que el Director de la Oficina de Inspección de Notarías le envió una comunicación escrita al licenciado Claudio Ortiz, con fecha de 30 de diciembre de 1993, para notificarle del informe de su notaría deficiente.

El licenciado Claudio Ortiz respondió por medio de una Carta de 11 de enero de 1994, en la que solicitaba tiempo adicional para subsanar las deficiencias notariales. El licenciado Claudio Ortiz también informó que se había mudado fuera de Puerto Rico para cursar estudios en Estados Unidos continentales. Al partir para allá, sin embargo, el licenciado no designó un notario sustituto para el término de su ausencia. De tal manera, el licenciado Claudio Ortiz actuó en violación de los Arts. 9 y 48 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 L.P.R.A. secs. 2013 y 2072).

Diez (10) meses más tarde, el 7 de octubre de 1994, la Oficina del Inspector de Protocolos rindió un segundo informe, esta vez tras inspeccionar los Protocolos pertinentes a los años 1988 a 1993. Este informe refleja deficiencias adicionales, no detectadas anteriormente y, además, que las encontradas por el informe anterior aún no se habían corregido. El 18 de octubre de 1994, la Directora intentó comunicarse con el licenciado Claudio Ortiz sobre esas deficiencias, pero el letrado nunca respondió a tal comu-

nicación. La Directora le envió otra comunicación escrita el 31 de agosto de 1995.

El 11 de agosto de 1995, el Inspector de Notarías evaluó de nuevo los Protocolos notariales del licenciado Claudio Ortiz; encontró que, aunque el notario había hecho algunas correcciones, todavía existían graves deficiencias en los Protocolos. Al no haber sido subsanadas las deficiencias notariales, este Tribunal emitió una resolución el 17 de noviembre de 1995, mediante la cual le concedimos al licenciado Claudio Ortiz treinta (30) días para mostrar causa por la cual no se le debía suspender de la práctica de la notaría. En esa resolución también ordenamos la incautación de los Protocolos notariales del licenciado Claudio Ortiz. Cabe señalar que le advertimos al licenciado Claudio Ortiz que de no comparecer se le suspendería automáticamente de la abogacía. Acatando nuestra resolución y mandamiento correspondientes de 22 de noviembre de 1995, el Alguacil de este Tribunal incautó la obra notarial pertinente el 30 de noviembre de 1995.

El licenciado Claudio Ortiz incoó un "Escrito para Mostrar Causa" el 14 de noviembre de 1994, expresando que se encontraba residiendo en el estado de Maryland y que, dado a varios problemas personales y profesionales, no había podido subsanar las deficiencias de su notaría. El letrado también declaró que los alegados problemas habían sido superados y que ya había corregido varias deficiencias de los Protocolos de 1992, 1993 y 1994. Sin embargo, en una inspección reportada el 11 de diciembre de 1995, el Inspector de Notarías encontró que todavía subsistían deficiencias notariales para los años 1988 a 1994.

Con fecha de 12 de enero de 1996, este Tribunal emitió una segunda resolución, en la que concedió veinte (20) días a la Directora para que se expresara sobre la mostración de causa presentada por el licenciado Claudio Ortiz. La Directora respondió el 23 de febrero de 1996, y le informó a este Tribunal que mediante una carta suya a dicho abogado, el 21 de febrero de 1996, le había solicitado a éste

que le presentara un plan de trabajo para corregir gradualmente las deficiencias señaladas.

Emitimos una resolución el 21 de marzo de 1996, en la que le solicitamos a la Directora que, cuando recibiera del licenciado Claudio Ortiz el correspondiente plan para subsanar las deficiencias notariales, nos sometiera sus recomendaciones finales sobre este asunto. Ese mismo día, la Directora le envió correspondencia para informarle que habían transcurrido cuatro (4) semanas sin haber recibido el plan solicitado y que de no recibirlo dentro del término de (10) días se le informaría a este Tribunal de su incomparecencia.

Respondiendo a nuestra solicitud, la Directora, en su "Informe de Seguimiento" de 6 de junio de 1996, nos informó que, transcurrido un término razonable, el licenciado Claudio Ortiz no le presentó el plan de corrección ni produjo informes de subsanaciones de su notaría. La Directora expresó que aún existían deficiencias correspondientes a los años 1988 a 1994.

El 21 de junio de 1996, este Tribunal emitió una cuarta resolución, en la cual le ordenamos al licenciado Claudio Ortiz a mostrar causa, en veinte (20) días, por la cual no se le debe suspender de la abogacía con vista a los señalamientos expuestos en el "Informe de Seguimiento" sometido por la Directora. Mediante esa resolución, también le señalamos que de no cumplir se le suspendería automáticamente. Al día de hoy han transcurrido alrededor de cuatro (4) meses desde la fecha de dicha resolución y el licenciado Claudio Ortiz no ha comparecido.

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, denominado "Conducta del Abogado ante los Tribunales", comienza su disposición de la manera siguiente: "El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto." Consideramos que la incomparecencia del licenciado Clau-

dio Ortiz constituye una falta de respeto hacia este Tribunal, en abierta violación a la directriz de conducta requerida por el citado Canon 9 del Código de Ética Profesional. Véanse: *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Díaz García*, 104 D.P.R. 171 (1975). Su actitud de indiferencia y menosprecio a la autoridad del Tribunal merecen su suspensión indefinida.

La incomparecencia del licenciado Claudio Ortiz a nuestra orden de que respondiera ante su incurrida deficiencia notarial choca inaceptablemente con su deber como miembro de la clase togada. En *In re Colón Torres*, supra, pág. 494, expresamos que:

> ... [l]a naturaleza y la importancia de sus funciones reclaman del abogado una observancia estricta de las órdenes de los tribunales. Su voluntaria desobediencia a ese tipo de comunicación obstaculiza y debilita nuestra función reguladora de la profesión.

Entendemos que hacer caso omiso a las órdenes de este Tribunal constituye una ofensa aún más grave, cuando el abogado no responde a un procedimiento investigador de su conducta profesional.

> Es conocido ya por todos los miembros de la clase togada, que la naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, ... *particularmente cuando de su conducta profesional se trata*. ... Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal, respecto a una queja presentada en su contra que está siendo investigada. (Énfasis suplido.) *In re Pagán Ayala*, 130 D.P.R. 678, 681 (1992). Véanse: *In re Bonaparte Rosaly*, 130 D.P.R. 199, 201 (1992); *In re Colón Torres*, supra, págs. 492–493; *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

Reiteradamente hemos expuesto que hacer caso omiso a las resoluciones de este Tribunal trae consigo sanciones disciplinarias severas. *In re Murphy Rodríguez*, 140 D.P.R. 245 (1996); *In re Méndez Matos*, 138 D.P.R. 475 (1995); *In re Romany*, 136 D.P.R. 647 (1994); *Col. Abogados P.R. v. Diversé, Colón, Rivera*, 136 D.P.R. 425 (1994); *In re*

*Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Colón Torres*, supra.

## III

Tomando en consideración el craso incumplimiento del Lcdo. Ramón Claudio Ortiz con las órdenes de este Tribunal y su indiferencia ante nuestras resoluciones, procede que decretemos su suspensión indefinida del ejercicio de la abogacía, tal y como había sido apercibido.

La obra notarial del licenciado Claudio Ortiz ya fue incautada por el Alguacil de este Tribunal, por lo que no es necesario referirnos a ese respecto.

*Se dictará sentencia de conformidad.*