*In re* TITO ENRIQUE DÁVILA TORRES, querellado.

*Números:* AB-98-153      *Resueltos:* 11 de diciembre de 1998
          AB-97-108

*Carlos Lugo Fiol, Procurador General,* e *Ivonne Casanova Pelosi, Procuradora General Auxiliar,* abogados de El Pueblo; *María de Lourdes Rodríguez,* Oficial Investigadora de la Comisión de Ética del Colegio de Abogados.

PER CURIAM: La conducta demostrada por el Lcdo. Tito Enrique Dávila Torres, al incumplir reiteradamente con nuestras órdenes, en las cuales se le requería su comparecencia y contestación a las querellas instadas en su contra, evidencia una conducta de contumaz indiferencia ante los

requerimientos de este Foro. Esto conlleva su suspensión indefinida del ejercicio de la abogacía y la notaría en nuestra jurisdicción.

## I

El 14 de agosto de 1997, la Sra. María J. Meléndez presentó una queja contra el Lcdo. Tito Enrique Dávila Torres ante el Procurador General. Alegó que el querellado había sido negligente en el cumplimento de su deber, pues a pesar de haberle pagado por sus servicios, no compareció a una vista ante el tribunal de instancia, lo cual conllevó que la querellante fuese encontrada incursa en desacato.

El 14 de abril de 1998, el Procurador General presentó ante nos un informe complementario en el cual nos informó que, luego de haber sido examinados los hechos que habían motivado la querella presentada por la señora Meléndez, la conducta del licenciado Dávila Torres constituía una violación al Canon 17 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por evidenciar un uso indebido de los procedimientos judiciales. El querellado admitió haber presentado una demanda contra un compañero abogado con el exclusivo propósito de presionarlo e intimidarlo, a sabiendas de que no contaba con prueba fehaciente para sostener las alegaciones de la demanda.

Reiteradamente ordenamos al querellado someter su contestación al informe presentado por el Procurador General,[1] en el cual le apercibimos de que su incomparecencia podía acarrear severas sanciones, incluyendo su suspensión automática del ejercicio de la abogacía. Hasta el

---

[1] Resolución de 12 de mayo de 1998, notificada por correo ordinario; Resolución de 29 de junio de 1998, notificada por correo ordinario; Resolución de 28 de septiembre de 1998, notificada personalmente por la Oficina del Alguacil del Tribunal.

presente el licenciado Dávila Torres no ha cumplido con nuestras órdenes.

Simultáneamente, el 18 de septiembre de 1998 emitimos una resolución, en la cual concedimos al Lcdo. Tito Enrique Dávila Torres un término de quince (15) días para que contestase a los requerimientos hechos por el Colegio de Abogados con respecto a otra querella instada en su contra. Además, le requerimos que, dentro de ese mismo término, debería exponer las razones por las cuales no debía ser sancionado por la conducta a la que hacía referencia dicha querella.

En esa ocasión le apercibimos de que el incumplimiento con los términos de nuestra resolución conllevaría ulteriores sanciones disciplinarias en su contra. Dicha resolución fue notificada tanto por la Oficina del Alguacil del Tribunal, como por correo ordinario a la dirección en el expediente del abogado. El 2 de diciembre de 1998 compareció ante nos el Colegio de Abogados para informarnos que a dicha fecha el licenciado Dávila Torres, en craso incumplimiento de nuestra resolución, no había sometido contestación a la querella incoada.

Transcurridos los términos concedidos al licenciado Dávila Torres sin que éste haya sometido su contestación al informe presentado por el Procurador General, ni a la querella instada en su contra ante el Colegio de Abogados, y sin haber comparecido para justificar su incumplimiento con nuestras órdenes, procedemos a resolver según lo intimado.

## II

Tomando en consideración su renuencia injustificada a contestar y su indiferencia en responder a las órdenes de este Tribunal, lo cual de por sí conlleva la imposición de severas sanciones disciplinarias —*In re Pérez Benabe*, 133

D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1991); *In re Colón Torres*, 129 D.P.R. 490 (1991)— *se decreta la suspensión indefinida del ejercicio de la abogacía y de la notaría en esta jurisdicción del abogado Tito Enrique Dávila Torres.*

*Se dictará la sentencia correspondiente.*