AB-98-153                                                              1

En el Tribunal Supremo de Puerto Rico

| In Re:                        | Queja      |
|-------------------------------|------------|
| Tito Enrique Dávila Torres    | 98TSPR166  |

Número del Caso: AB-98-153 Cons. AB-97-108

Abogada de la Parte Querellante:    Lcda. María de Lourdes Rodríguez

Abogado de la Parte Querellada:    Por Derecho Propio

Fecha: 12/11/1998

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Tito Enrique Dávila Torres

AB-98-153

PER CURIAM

San Juan, Puerto Rico, a 11 de diciembre de 1998.

La conducta demostrada por el Lcdo. Tito Enrique Dávila Torres, al reiteradamente incumplir nuestras órdenes requiriendo su comparecencia y su contestación a las querellas instadas en su contra, evidencia una conducta de contumaz indiferencia ante los requerimientos de este Foro que conlleva su suspensión indefinida del ejercicio de la abogacía y la notaría en nuestra jurisdicción.

I

El 14 de agosto de 1997 la Sra. María J. Meléndez presentó una queja contra el Lic. Tito Enrique Dávila Torres ante el Procurador General. Alegó que el querellado había sido negligente en el cumplimento de su deber, pues a pesar de haberle

pagado por sus servicios, no compareció a una vista ante el tribunal de instancia, lo cual conllevó que la querellante fuese encontrada incursa en desacato.

El 14 de abril de 1998 el Procurador General presentó ante nos un Informe Complementario en el cual nos informó que examinados los hechos que habían motivado la querella radicada por la Sra. Meléndez, la conducta del Lcdo. Dávila Torres constituía una violación al Canon 17 de Ética Profesional por evidenciar un uso indebido de los procedimientos judiciales. El querellado admitió haber presentado una demanda contra un compañero abogado con el exclusivo propósito de presionarlo e intimidarlo, y a sabiendas de que no contaba con prueba fehaciente para sostener las alegaciones de la demanda.

Reiteradamente ordenamos al querellado someter su contestación al Informe presentado por el Procurador General[1], apercibiéndole que su incomparecencia podía acarrear severas sanciones, incluyendo su suspensión automática del ejercicio de la abogacía. Hasta el presente, el Lcdo. Dávila Torres no ha cumplido con nuestras órdenes.

Simultáneamente, el 18 de septiembre de 1998 emitimos una Resolución en la cual concedimos al Lcdo. Tito Enrique Dávila Torres un término de quince (15) días para que contestase a los requerimientos hechos por el Colegio de Abogados respecto a otra querella instada en su contra. Además le requerimos que, dentro de ese mismo término, debería exponer las razones por las cuales no debía ser sancionado por la conducta a que hacía referencia dicha querella.

En esa ocasión le apercibimos que el incumplimiento con los términos de nuestra Resolución conllevaría ulteriores sanciones disciplinarias en su contra. Dicha Resolución fue notificada tanto por la Oficina del Alguacil General del Tribunal, como por correo ordinario a la dirección de récord del abogado. El 2 de diciembre de 1998 compareció ante nos el Colegio de Abogados para informarnos que a dicha

---

[1] Resolución de 12 de mayo de 1998, notificada por correo ordinario; Resolución de 29 de junio de 1998, notificada por correo ordinario; Resolución de 28 de septiembre de 1998, notificada personalmente por la Oficina del Alguacil General del Tribnal.

fecha el Lcdo. Dávila Torres, en craso incumplimiento de nuestra Resolución, no había sometido contestación a la querella incoada.

Transcurridos los términos concedidos al Lcdo. Dávila Torres sin que éste haya sometido su contestación al Informe presentado por el Procurador General, ni a la querella instada en su contra ante el Colegio de Abogados, y sin haber comparecido para justificar su incumplimiento con nuestras órdenes, procedemos a resolver según lo intimado.

## II

Tomando en consideración su renuencia injustificada a contestar, y su indiferencia en responder a las órdenes de este Tribunal, lo cual de por sí conlleva la imposición de severas sanciones disciplinarias, In re Pérez Berbabé, Opinión y sentencia de 19 de mayo de 1993; In re Ribas Dominicci, Opinión y sentencia de 31 de agosto de 1992; In re Nicot Santana, 129 D.P.R. 717 (1991); In re Colón Torres, 129 D.P.R. 490 (1991), se decreta la suspensión indefinida del ejercicio de la abogacía y de la notaría en esta jurisdicción del abogado Tito Enrique Dávila Torres.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Lic. Tito Enrique Dávila Torres

                                        AB-98-153

SENTENCIA


San Juan, Puerto Rico, a 11 de diciembre de 1998.

Por las razones que se expresan en la Opinión del Tribunal, la cual se hace formar parte integral de la presente Sentencia, se decreta la suspensión indefinida del ejercicio de la abogacía en Puerto Rico de Tito Enrique Dávila Torres.

Se ordena al Alguacil General que con carácter prioritario se incaute de la obra y el sello notarial del abogado.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo