En el Tribunal Supremo de Puerto Rico

| In Re: | |
|---|---|
| Néstor Quevedo Cordero<br>        Querellado | Conducta<br>Profesional<br><br>99TSPR4 |

Número del Caso: AB-98-0171

Abogados de la Parte Querellante: Lcda. María de Lourdes Rodríguez
Comisión de Etica
Colegio de Abogados

Abogados de la Parte Recurrida:

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 1/21/1999

Materia:


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Néstor Quevedo Cordero

AB-98-171

PER CURIAM

San Juan, Puerto Rico, a 21 de enero de 1999.

I

El 6 de octubre de 1998, el Colegio de Abogados de Puerto Rico presentó ante nos una "Moción Sobre Incumplimiento de Querellado" en la cual señala que el 15 de mayo de 1997 se radicó una querella juramentada contra el licenciado Néstor Quevedo Cordero. En la Moción se señala además que se había notificado la querella a cuatro direcciones distintas sin obtener respuesta del Lcdo. Quevedo Cordero.

El 21 de octubre de 1998 este Tribunal emitió resolución concediéndole al Lcdo. Quevedo Cordero quince (15) días para que contestara a los requerimientos del Colegio de Abogados. Se le apercibió a éste que el incumplimiento                                con                            lo

allí ordenado podría conllevar ulteriores sanciones disciplinarias. Dicha resolución fue notificada por la vía ordinaria el 23 de octubre de 1998. El 28 de octubre de 1998 la misma fue notificada personalmente por medio de alguacil a la residencia del Lcdo. Quevedo Cordero en la Urb. La Mansión NC-25, Levittown en Cataño.

Casi dos meses después de vencido el término para contestar, el Lcdo. Quevedo Cordero no ha comparecido. Tampoco ha respondido a otra resolución de este Tribunal de 20 de octubre de 1998 en el caso *Colegio de Abogados v. Quevedo Cordero, Núm. 8574*, relacionada con la falta de pago de la cuota del Colegio de Abogados. En esta resolución, enviada por correo certificado con acuse de recibo y recibida por el Lcdo. Quevedo Cordero el 23 de octubre de 1998, le concedimos veinte (20) días para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía apercibiéndole que el incumplimiento con los términos de la misma "conllevará [la] suspensión automática del ejercicio de la abogacía".

II

El Canon IX del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, le impone a los miembros de la clase togada *la obligación de observar para con los tribunales una conducta que se caracterice por el mayor respeto*. Anteriormente hemos señalado que la desatención a las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos en directa violación al deber de conducta exigido por el referido Canon IX. Véanse *In re Otero Fernández,* Op. de 21 de mayo de 1998, 145 D.P.R. ___ (1998), 98 J.T.S. 62; *In re Claudio Ortíz,* Op. de 8 de noviembre de 1996, 141 D.P.R. ___ (1996), 96 J.T.S. 153; *In re Colón*

*Torres*, 129 D.P.R. 490 (1991); *In re Díaz García*, 104 D.P.R. 171 (1975).

En *In re Colón Torres*, *supra*, sostuvimos que "[...] la naturaleza y la importancia de sus funciones reclaman del abogado una observancia estricta de las órdenes de los tribunales. Su voluntaria desobediencia a ese tipo de comunicación obstaculiza y debilita nuestra función reguladora de la profesión." *Id.* pág. 494.

Es incuestionable que los deberes inherentes a la práctica de la abogacía exigen una meticulosa atención y obediencia a las órdenes de este Tribunal, especialmente cuando se trata de procedimientos sobre su conducta profesional. A esos efectos, "[t]odos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal, respecto a una queja presentada en su contra que está siendo investigada". *In re Claudio Ortíz*, supra; *In re Pagán Ayala*, 130 D.P.R. 678 (1992), 92 J.T.S. 71; *In re Bonaparte Rosaly*, 130 D.P.R 199 (1992), 92 J.T.S. 35; *In re Colón Torres*, *supra*; *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

En numerosas ocasiones hemos señalado que el incumplimiento con las resoluciones de este Tribunal acarrea la imposición de sanciones disciplinarias severas que pueden culminar en la suspensión. *In re Guemárez Santiago,* Op. de 30 de junio de 1998*, 146 D.P.R. ___ (1998), 98 J.T.S. 102; *In re Melecio Morales,* Opinión de 13 febrero de 1998, 144 D.P.R. ___ (1998), 98 J.T.S. 11; *In re Otero Fernández, supra; In re Claudio Ortíz, supra; In re Murphy Rodríguez,* Op. del 11 de mayo de 1996, 140 D.P.R. ___ (1996) 96 J.T.S. 38; *In re Méndez Matos*, Op. del 8 de mayo de 1995, 138 D.P.R. ___ (1995) 95 J.T.S. 65; *In re Romany*, Op. del 19 de julio de

1994, 136 D.P.R. ___ (1994) 94 J.T.S. 109; *Colegio de Abogados v. Diversé Vergés y Otros*, Op. del 16 de junio de 1994, 137 D.P.R. ___ (1994), 94 J.T.S. 97; *In re Pérez Bernabé*, Op. del 19 de mayo de 1993, 134 D.P.R. ___ (1993), 93 J.T.S. 82; *In re Ribas Dominicci y Otros*, Op. del 31 de agosto de 1992, 132 D.P.R. ___ (1992), 92 J.T.S. 114; *In re Colón Torres*, *supra*.

Asimismo, cuando un abogado no ha satisfecho el pago de su cuota de colegiación, procede la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re Menéndez, Rivera,* Op. de 23 de julio de 1997, 142 D.P.R. ___ (1997), 97 J.T.S. 44; *In re Morales, Rubin,* Op. de 31 de agosto de 1995, 139 D.P.R. ___ (1995) 95 J.T.S. 125; *In re Serrallés III*, 119 D.P.R. 494, 495-496 (1987); *Colegio de Abogados v. Schneider*, 117 D.P.R. 504 (1986); *In re Vega González*, 116 D.P.R. 379, 381 (1985).

En vista de que el Lcdo. Quevedo Cordero no ha satisfecho el pago de su cuota de colegiación y de su indiferencia en responder a las órdenes de este Tribunal, se decreta su suspensión indefinida del ejercicio de la abogacía en esta jurisdicción.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Néstor Quevedo Cordero
                                    AB-98-171

SENTENCIA

San Juan, Puerto Rico, a 21 de enero de 1999.

En vista de lo expuesto en la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, se ordena la suspensión indefinida del Lic. Néstor Quevedo Cordero del ejercicio de la abogacía hasta que otra cosa se disponga.

Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo