En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| IN RE:<br><br>LUIS F. MALDONADO RIVERA<br>    QUERELLADO<br><br>    V. | CONDUCTA<br>PROFESIONAL<br><br>99TSPR5 |

Número del Caso: AB-98-91; AB-98-130; RT-98-3549

Abogados de la Parte Querellante:
(AB-98-91)
HON. CARLOS LUGO FIOL
PROCURADOR GENERAL
LIC. IRIS M. BARRETO  SAAVEDRA
PROCURADORA GENERAL AUXILIAR

(AB-98-130)
LIC. MARIA DE LOURDES RODRIGUEZ, OFICIAL INVESTIGADORA
COMISION DE ETICA, COLEGIO DE ABOGADOS

(RT-98-3549)
LIC. CARMEN H. CARLOS, DIRECTORA DE INSPECCION DE NOTARIAS

Abogados de la Parte Querellada: POR DERECHO PROPIO

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 1/22/1999

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis F. Maldonado Rivera            AB-98-91
                                    AB-98-130
                                    RT-98-3549

PER CURIAM

San Juan, Puerto Rico, a 22 de enero de 1999

I

El 12 de junio de 1998, la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos Cabrera nos comunicó que el notario Luis F. Maldonado Rivera autorizó los Testamentos Abiertos mediante las escrituras 1 y 2 de 29 de agosto de 1996 y envió notificación tardíamente el 3 de septiembre de 1996. También nos señaló que Maldonado Rivera no había contestado sus requerimientos respecto al cumplimiento de la Regla 13 (C) del Reglamento del Tribunal Supremo sobre notificaciones tardías.

El 29 de junio concedimos al notario Maldonado Rivera veinte (20) días para que cumpliera con tales requerimientos y mostrara causa por la cual no debíamos sancionarlo.

Maldonado Rivera hizo caso omiso a nuestra Resolución. El 30 de octubre, le concedimos una segunda oportunidad mediante el término final e improrrogable de diez (10) días para cumplir. Fue apercibido que de incumplir sería suspendido del ejercicio de la abogacía y la notaría. Fue notificado personalmente el 1 de diciembre.

Al día de hoy, vencido el término para contestar, Maldonado Rivera inexplicablemente no ha comparecido. Igual conducta ha observado con relación a otra Resolución que emitiéramos el 24 de diciembre en el caso AB-98-130, relacionada con una queja juramentada presentada ante la Comisión de Ética Profesional del Colegio de Abogados por el Sr. Benjamín García García. Notificada también personalmente el 4 de enero de 1999, le concedimos diez (10) días siendo apercibido de que su incumplimiento conllevaría la suspensión de la profesión. En relación al caso AB-98-91 el 25 de noviembre le ordenamos al Lcdo. Maldonado Rivera que remitiera una comunicación suya a la Oficina del Procurador General y a la quejosa Sra. María L. Rodríguez Reyes. El 21 de enero de 1999 la Oficina del Procurador General nos informó que no ha recibido copia de la comunicación. El Lcdo. Maldonado Rivera, nuevamente, desatiende nuestras directrices.

II

El Canon IX del Código de Ética Profesional, impone a los miembros de la clase togada la obligación de observar para con los tribunales una conducta respetuosa. Reiteramos que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los Tribunales y viola directamente el principio deontológico antes referido. In re: Otero Fernández, res. en 21 de mayo de 1998; In re: Claudio Ortiz, res. en 8 de noviembre de 1996; In re: Colón Torres, 129 D.P.R. 490 (1991); In re: Díaz García, 104 D.P.R. 171 (1975).

La abogacía y notaría no pueden practicarse superficialmente. Exigen meticulosa atención, diligencia estricta, y claro está, acatamiento a las órdenes de este Tribunal, especialmente cuando se trata de procedimientos sobre su conducta profesional. "Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal, respecto a una queja presentada en su contra que está siendo investigada". In re: Claudio Ortiz, supra; In re: Pagán Ayala, res. en 9 de junio de 1992; In re: Bonaparte Rosaly, res. en 13 de marzo de 1992; In re: Colón Torres, supra; In re: Pagán Ayala, 115 D.P.R. 814 (1984).

La inexplicable desatención del Lcdo. Maldonado Rivera a los requerimientos de la Oficina de Inspección de Notarías y este Tribunal, no nos dejan otra alternativa que decretar su suspensión indefinida del ejercicio de la abogacía y la notaría hasta tanto acredite su disposición de cumplir

rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In In re:

Luis F. Maldonado Rivera                 AB-98-91
                                         AB-98-130
                                         RT-98-3549

SENTENCIA

San Juan, Puerto Rico, a 22 de enero de 1999

Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia suspendiendo indefinidamente al Lcdo. Luis F. Maldonado Rivera del ejercicio de la abogacía y la notaría hasta tanto este Tribunal disponga lo que proceda en derecho.

Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.


                              Isabel Llompart Zeno
                                Secretaria del Tribunal Supremo