*In re* LUIS A. DELGADO RODRÍGUEZ.

*Número:* AB-1999-136          *Resuelto:* 25 de octubre de 2000

*Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías,* en informe.

PER CURIAM: A pesar de que en el pasado este Tribunal ha sido muy riguroso al emitir sanciones contra los abogados que incumplen con sus órdenes en procedimientos disciplinarios, hoy tenemos que nuevamente intervenir con un letrado que ignora nuestros requerimientos y desatiende sus obligaciones profesionales. En el caso particular de autos, la conducta demostrada por el Lcdo. Luis A. Delgado Rodríguez, al reiteradamente incumplir con nuestras órdenes mediante las cuales se ha solicitado su comparecencia, y su contestación a las quejas instadas en su contra, evidencia una conducta de contumaz indiferencia ante los requerimientos de este Foro, que conlleva su suspensión indefi-

nida del ejercicio de la abogacía y la notaría en nuestra jurisdicción.

## I

La Junta de Retiro para Maestros (Junta de Retiro), a través su Secretaria Ejecutiva Auxiliar, presentó ante este Tribunal una queja contra el Lcdo. Luis A. Delgado Rodríguez. Alegó que la Junta de Retiro tenía un contrato de servicios notariales con el licenciado Delgado Rodríguez mediante el cual éste se comprometió a presentar para inscripción en el Registro de la Propiedad correspondiente las escrituras otorgadas por él. Además, se obligó a subsanar cualquier deficiencia encontrada por el Registrador en sus escrituras.

En su misiva, la quejosa nos informó que detectó veinticuatro (24) escrituras que no habían sido presentadas en los Registros de la Propiedad correspondientes. Además, explicó que el notario tampoco había corregido las deficiencias encontradas por los Registradores en otras escrituras otorgadas.

El notario fue notificado de la queja presentada en su contra a su última dirección, según consta en su expediente personal en este Tribunal. Sin embargo, no contestó ni la comunicación de la Secretaria del Tribunal, en la cual se le notificaba copia de la queja, ni unos requerimientos de la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, sobre estas deficiencias.

La Directora de la Oficina de Inspección de Notarías, por su parte, nos sometió un informe en el que señala que la

Inspectora de Protocolos, Lcda. Aurea I. Colón Maldonado, intentó inspeccionar al querellado en la dirección que constaba en nuestro expediente, pero al personarse a las oficinas en el Edificio IBM, Ave. Muñoz Rivera [Núm.] 654 recibió la misma respuesta que recibiera la Secretaria del Tribunal Supremo en cuanto al paradero del notario. Además, se le envió copia de

tres comunicaciones anteriores, a la dirección residencial que aparece en nuestro expediente y también [fueron] devueltas. Informe de 22 de junio de 2000, pág. 2.

Finalmente, nos informa que en el expediente del notario hay

... una carta dirigida por la secretaria del Lcdo. Ricardo L. Rodríguez Padilla, con fecha de 3 de enero de 2000, en la que hace constar que el querellado se mudó de esa oficina [hacía] tres años [y que] no tienen comunicación con él. Íd.

En su Informe, la Directora de la Oficina de Inspección de Notarías concluye que el notario violó el Art. 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2011, al no notificar a la Secretaría del Tribunal Supremo su cambio de oficina notarial dentro de los cinco (5) días siguientes a su traslado. Además, sostiene que violó el Art. 53 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2077, al trasladar sus protocolos y la oficina notarial de su localización anterior y continuar rindiendo índices con una dirección falsa. Finalmente, le imputa la violación de la Regla 13 del Reglamento Notarial de Puerto Rico al no rendir el Informe Estadístico Anual de Actividad Notarial para los años 1998 y 1999.

Recibido dicho informe, este Tribunal le concedió al licenciado Delgado Rodríguez un término de veinte (20) días para exponer su posición sobre el Informe de la Directora de la Oficina de Inspección de Notarías. Dicha orden fue notificada personalmente el 6 de julio del año en curso al licenciado Delgado Rodríguez a su dirección residencial.

Transcurridos los términos concedidos al licenciado Delgado Rodríguez, sin que éste haya sometido su contestación al Informe presentado por la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, ni a la queja instada en su contra ante este Tribunal, y sin haber comparecido para justificar su incumplimiento con nuestras órdenes, procede que este Tribunal actué de inmediato.

## II

Tomando en consideración su renuencia injustificada a contestar y su indiferencia en responder a los requerimientos de la Directora de la Oficina de Inspección de Notarías y a las órdenes de este Tribunal, lo cual de por sí conlleva la imposición de severas sanciones disciplinarias, *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991), se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría en esta jurisdicción del abogado Luis A. Delgado Rodríguez.

Delgado Rodríguez deberá notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devolverá cualesquiera honorarios recibidos por trabajos no realizados, e informará oportunamente su suspensión a los distintos foros judiciales y administrativos del país.

Finalmente, Delgado Rodríguez deberá certificarnos en el término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, las gestiones que ha hecho para notificar a sus clientes y a los foros judiciales y administrativos lo antes expuesto.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y del sello notarial de Delgado Rodríguez para el trámite correspondiente que hará la Directora de la Oficina de Inspección de Notarías.

*Se dictará la sentencia correspondiente.*

La Jueza Asociada Señora Naveira de Rodón y el Juez Asociado Señor Rivera Pérez no intervinieron.