EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ernesto Rosado Rivera<br>Roberto J. Martínez Rosa<br>Melba Lajara Martínez<br>Otto D. Lebrón Sáez<br>Dina M. Alabanese Brás<br>Mari E. Meléndez Gnemi | 2008 TSPR 190<br><br>175 DPR _____ |

Número del Caso: TS-4446
               TS-7665
               TS-9376
               TS-11378
               TS-12831
               TS-16016
               (Cons.)


Fecha: 31 de octubre de 2008


 Colegio de Abogados de Puerto Rico:

                    Lcdo. José M. Montalvo Trías
                    Director Ejecutivo


Materia: Conducta Profesional


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

| | |
|---|---|
| Ernesto Rosado Rivera | TS-4446 |
| Roberto J. Martínez Rosa | TS-7665 |
| Melba Lajara Martínez | TS-9376 |
| Otto D. Lebrón Sáez | TS-11378 |
| Dina M. Albanese Brás | TS-12831 |
| Mari E. Meléndez Gnemi | TS-16016 |

(cons.)

PER CURIAM

San Juan, Puerto Rico a 31 de octubre de 2008.

El Colegio de Abogados de Puerto Rico comparece ante nos para solicitar la suspensión al ejercicio de la abogacía de los licenciados Ernesto Rosado Rivera, Roberto J. Martínez Rosa, Melba Lajara Martínez, Otto D. Lebrón Sáez, Dina M. Albanese Brás y Mari E. Meléndez Gnemi por no haber satisfecho el pago de la cuota de colegiación.

En vista de ello, mediante Resolución de 27 de agosto de 2008, concedimos al licenciado Rosado Rivera un término de veinte (20) días para mostrar causa por la cual no debían ser

suspendidos del ejercicio de la abogacía. De igual forma, mediante Resolución de 29 de agosto de 2008, concedimos igual término a los demás abogados y abogadas de epígrafe. En ambas Resoluciones, se les apercibió que el incumplimiento con las órdenes de este Tribunal conllevaría la suspensión automática del ejercicio de la abogacía.[1]

El término concedido expiró y los abogados y abogadas no han comparecido ante el Tribunal, ni han satisfecho su deuda. En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

Se consolidan los casos 4446, 7665, 9376, 11378, 12831 y 16016 por versar sobre el mismo asunto.

II

El Artículo 9 de la Ley Núm. 43 de 14 de mayo de 1932, 4 L.P.R.A. sec. 780, establece la obligación de los miembros del Colegio de Abogados de satisfacer una cuota anual. Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la abogacía y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. In re: García Vallés, res. 7 de noviembre de 2007, 2007 T.S.P.R. 196, In re: Crosby San Miguel, res. 31 de octubre de 2007, 2007 T.S.P.R. 191; In

---

[1] En el caso del licenciado Rosado Rivera la Resolución fue notificada por correo certificado con acuse de recibo. A la licenciada Albanese Brás se le notificó la Resolución tanto por correo regular como por correo certificado con acuse de recibo a su dirección de récord y ambas fueron devueltas. Los demás abogados y abogadas querellados fueron notificados por correo regular a su dirección de récord y éstas no fueron devueltas.

re: Ortiz Delgado, res. el 29 de mayo de 2003, 2003 T.S.P.R. 96; In re: Pérez Brasa, 155 D.P.R. 813 (2001); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Reyes Rovira, 139 D.P.R. 42 (1995); Col. Abogados P.R. v. Pérez Padilla, 135 D.P.R. 94 (1994); In re: Serrallés III, 119 D.P.R. 494 (1987); Colegio de Abogados v. Schneider, 117 D.P.R. 504 (1986).

Asimismo, todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado, que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Rullán Castillo, res. 8 de febrero de 2007, 2007 T.S.P.R. 41; In re: Lloréns Sar, res. 5 de febrero de 2007, 2007 T.S.P.R. 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 T.S.P.R. 191; In re: Vega Lasalle, 164 D.P.R. 659 (2005); In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 T.S.P.R. 20; In re: Osorio Díaz, supra; In re: Serrano Mangual, 139 D.P.R. 602 (1995); In re: González Albarrán, 139 D.P.R. 543 (1995); In re: Colón Torres, 129 D.P.R. 490 (1991).

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía a los licenciados Ernesto Rosado Rivera, Roberto J. Martínez

Rosa, Melba Lajara Martínez, Otto D. Lebrón Sáez, Dina M. Albanese Brás[2] y Mari E. Meléndez Gnemi.

Se les impone a los abogados y abogadas querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar y certificar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente a los abogados y abogadas de epígrafe a la última dirección que aparece en el expediente personal del abogado. En el caso de los licenciados Ernesto Rosado Rivera y Roberto J. Martínez Rosa, cuyas direcciones son fuera de Puerto Rico, se les notificará por correo certificado con acuse de recibo a la última dirección que aparece en sus expedientes de personal y, una vez remitida,

---

[2] La licenciada Albaneses Brás tampoco cumplió con la obligación de notificar cualquier cambio de dirección, física o postal, a la Secretaria del Tribunal Supremo de conformidad con la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R. 9. Cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re: Santiago Rodríguez, 160 D.P.R. 245 (2003); In re: Sanabria Ortiz, 156 D.P.R. 346 (2002); In re: Santiago Méndez, 141 D.P.R. 75 (1996). El incumplimiento con tal deber es suficiente para decretar la separación indefinida de la abogacía. In re: Serrallés III, 119 D.P.R. 494 (1987); In re: Berríos Pagán, 126 D.P.R. 458 (1990).

se considerarán notificados de su suspensión y ésta será efectiva a partir de la fecha de la notificación.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Otto D. Lebrón Sáez y entregar éstos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

| | |
|---|---|
| Ernesto Rosado Rivera | TS-4446 |
| Roberto J. Martínez Rosa | TS-7665 |
| Melba Lajara Martínez | TS-9376 |
| Otto D. Lebrón Sáez | TS-11378 |
| Dina M. Albanese Brás | TS-12831 |
| Mari E. Meléndez Gnemi | TS-16016 |

(cons.)

SENTENCIA

San Juan, Puerto Rico a 31 de octubre de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía a los licenciados Ernesto Rosado Rivera, Roberto J. Martínez Rosa, Melba Lajara Martínez, Otto D. Lebrón Sáez, Dina M. Albanese Brás y Mari E. Meléndez Gnemi.

Se les impone a los abogados y abogadas querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar y certificar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de la Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente a los abogados y abogadas de epígrafe a la última dirección que aparece en el expediente personal del abogado. En el caso de los licenciados Ernesto Rosado Rivera y Roberto J. Martínez Rosa, cuyas direcciones son fuera de Puerto Rico, notifíquese por correo certificado con acuse de recibo a la última dirección que aparece en sus expedientes de personal y, una vez remitida, se considerarán notificados de su suspensión y ésta será efectiva a partir de la fecha de la notificación.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Otto D. Lebrón Sáez y entregar éstos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo