*In re* JOSÉ R. TORRES ZAYAS.

*Número:* AB-98-133          *Resuelto:* 30 de noviembre de 1998

*María de Lourdes Rodríguez*, Oficial Investigadora de la Comisión de Ética del Colegio de Abogados de Puerto Rico, en Informe.

PER CURIAM: El 5 de junio de 1997, Luz Celenia Martínez Díaz presentó ante el Colegio de Abogados de Puerto Rico una queja bajo juramento contra el Lcdo. José R. Torres Zayas, mediante la cual le imputaba haber cobrado $1,700 por servicios profesionales que no había rendido. El 10 de junio de 1997, la Comisión de Ética Profesional del Colegio de Abogados se dirigió al licenciado Torres Zayas, mediante el envío de una copia de la queja aludida, y le concedió un término de quince (15) días para que reaccionara a dicha queja.

El 15 de julio de 1997, veinte (20) días después de haber transcurrido el término que le había fijado la Comisión de Ética del Colegio de Abogados para contestar, el licenciado Torres Zayas le escribió a dicha Comisión y le solicitó un término adicional de treinta (30) días para reaccionar a la queja presentada contra él. El 4 de agosto de 1997, la Co-

misión de Ética Profesional del Colegio le concedió al licenciado Torres Zayas la prórroga solicitada por él, la cual vencía el 4 de septiembre de 1997.

Transcurrido el término referido sin que el licenciado Torres Zayas hubiese contestado la queja pendiente, el 16 de septiembre de 1997 la Comisión de Ética Profesional del Colegio de Abogados volvió a requerirle al licenciado Torres Zayas que reaccionara a la queja que había sido sometida en su contra. Le concedió un término adicional de diez (10) días para que formulara su posición con respecto a las imputaciones de la Sra. Luz Celenia Martínez Díaz. El licenciado Torres Zayas tampoco contestó este segundo requerimiento de la Comisión de Ética Profesional del Colegio.

Transcurrido algún tiempo, el 6 de abril de 1998 la Comisión de Ética Profesional del Colegio de Abogados volvió a dirigirse al licenciado Torres Zayas, para requerirle que compareciera a una vista que habría de celebrarse en el Colegio el 19 de mayo de 1998 para dilucidar la queja referida, que continuaba pendiente. La vista aludida no se llevó a cabo ni el licenciado Torres Zayas se expresó de modo alguno con respecto a la queja pendiente o a la vista señalada para dilucidarla.

Así las cosas, el 16 de junio de 1998 el Presidente de la Comisión de Ética Profesional del Colegio de Abogados se dirigió una vez más al licenciado Torres Zayas y le indicó que continuaba pendiente la queja presentada en su contra el 5 de junio de 1997, la cual éste no había contestado de modo alguno a pesar de varios requerimientos de la Comisión de Ética del Colegio, en los cuales se le solicitó que contestara. Se le fijó un período de veinte (20) días para recibir la reacción del licenciado Torres Zayas, y se le apercibió que de no recibir su contestación oportunamente, el asunto se le remitiría al Tribunal Supremo para la acción que se estimase pertinente. El licenciado Torres Zayas tampoco contestó este cuarto requerimiento de la Comisión de Ética Profesional del Colegio de Abogados.

En vista de lo anterior, el 17 de agosto de 1998 el Colegio de Abogados compareció ante nos, relacionó el incumplimiento del licenciado Torres Zayas con los requerimientos de la Comisión de Ética Profesional y solicitó nuestra intervención. El 28 de agosto de 1998 emitimos una resolución, mediante la cual le concedimos un término de quince (15) días al licenciado Torres Zayas para que contestara los requerimientos hechos por el Colegio de Abogados. Le indicamos, además, que dentro de ese mismo término debía comparecer ante nos para exponer las razones por las cuales no debía ser sancionado por no atender los requerimientos del Colegio de Abogados. En dicha resolución le advertimos al letrado del caso de autos que el incumplimiento con lo ordenado en nuestra resolución conllevaría ulteriores sanciones disciplinarias. Dicha resolución le fue notificada personalmente y por la vía ordinaria.

Han transcurrido tres (3) meses desde que emitimos la resolución referida y el licenciado Torres Zayas no ha contestado los requerimientos del Colegio de Abogados. Tampoco ha comparecido ante nos para explicar su conducta impropia. Sencillamente, el licenciado Torres Zayas no ha cumplido con las órdenes de este Tribunal, demostrando así que no tiene interés alguno en continuar ejerciendo la abogacía en nuestra jurisdicción.

I

Reiteradamente hemos resuelto que los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de sus méritos. De igual forma, en numerosas ocasiones hemos preceptuado que la indiferencia de los abogados en responder a las órdenes de este Tribunal apareja la imposición de sanciones disciplinarias severas. Véanse: *In re Laborde Freyre*,

144 D.P.R. 827 (1998); *In re Manzano Velázquez*, 144 D.P.R. 84 (1997); *In re Escalona Vicenty*, 143 D.P.R. Ap. 993 (1997); *In re Claudio Ortiz*, 141 D.P.R. 937 (1996); *In re Sepúlveda Negroni*, 141 D.P.R. Ap. 949 (1996); *In re Rivera Rivera*, 141 D.P.R. Ap. 949 (1996); *Col. Abogados P.R. v. Diversé, Colón, Rivera*, 136 D.P.R. 425 (1994); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992).

Por todo lo anterior, *se suspende indefinidamente del ejercicio de la abogacía al licenciado Torres Zayas hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Corrada Del Río no intervino.