*In re* CARLOS RIVERA RODRÍGUEZ, querellado.

*Número:* AB-98-137                    *Resuelto:* 19 de enero de 1999

*María de Lourdes Rodríguez,* Oficial Investigadora de la Comisión de Ética del Colegio de Abogados de Puerto Rico.

PER CURIAM: El 10 de noviembre de 1997, Confesor Arroyo Román, presentó ante el Colegio de Abogados de Puerto Rico una queja bajo juramento contra el Lcdo. Carlos Rivera Rodríguez, mediante la cual le imputaba haber cobrado $2,700 por servicios profesionales que no había

rendido. El 1ro de diciembre de 1997, la Comisión de Ética Profesional del Colegio de Abogados se dirigió al licenciado Rivera Rodríguez, enviándole copia de la queja aludida y concediéndole un término de quince (15) días para que reaccionara a dicha queja.

El 14 de enero de 1998, veintinueve (29) días después de haber transcurrido el término que le había fijado la Comisión de Ética del Colegio de Abogados al licenciado Rivera Rodríguez para contestar, sin que éste lo hubiese hecho, dicha Comisión volvió a comunicarse con Rivera Rodríguez para concederle un término adicional de diez (10) días para formular su posición ante la queja referida, con el debido apercibimiento de que no atender los reclamos del Colegio sobre el particular constituía por sí solo una falta de ética.

El Lcdo. Carlos Rivera Rodríguez tampoco contestó el segundo requerimiento de la Comisión de Ética del Colegio de Abogados sobre la queja pendiente. En vista de ello, el 16 de junio de 1998 la Comisión le dio un tercer término de veinte (20) días para recibir una contestación a la queja pendiente, advirtiéndole al Lcdo. Carlos Rivera Rodríguez que de no contestar este tercer requerimiento, el asunto sería sometido al Tribunal Supremo de Puerto Rico para la acción correspondiente.

Transcurrido el término referido sin que el licenciado Rivera Rodríguez hubiese contestado la queja pendiente, el 17 de agosto de 1998, la Comisión de Ética Profesional del Colegio de Abogados trajo el asunto a nuestra atención para la acción que estimásemos pertinente. El 28 de agosto de ese mismo año, mediante resolución notificada personalmente y por la vía ordinaria, le concedimos un término de quince (15) días al licenciado Rivera Rodríguez para que contestase los requerimientos del Colegio de Abogados, y para que le expusiese a este Tribunal las razones, si alguna tenía, por las cuales no debía ser sancionado por su incumplimiento con los requerimientos del Colegio de Abogados.

Le apercibimos que su incumplimiento con nuestra resolución podría acarrear ulteriores sanciones disciplinarias en su contra.

El licenciado Rivera Rodríguez no atendió nuestra Resolución de 28 de agosto de 1998. Por ello, el 9 de octubre de 1998, emitimos una segunda resolución, concediéndole un término adicional de treinta (30) días para cumplir con nuestra resolución anterior. Le apercibimos entonces que el incumplimiento con esta segunda resolución conllevaría la suspensión indefinida de la profesión. Se le notificó personalmente esta resolución.

Han transcurrido más de tres (3) meses desde que se notificó la Resolución nuestra de 9 de octubre de 1998 sin que el Lcdo. Carlos Rivera Rodríguez haya contestado nuestras resoluciones. Tampoco ha contestado los requerimientos del Colegio de Abogados.

Sencillamente, el licenciado Rivera Rodríguez no ha cumplido con las órdenes de este Tribunal, demostrando así que no tiene interés alguno en continuar ejerciendo la abogacía en nuestra jurisdicción.

## I

Reiteradamente hemos resuelto que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de ésta. De igual forma, en numerosas ocasiones hemos preceptuado que la indiferencia de los abogados a responder a órdenes de este Tribunal apareja la imposición de sanciones disciplinarias severas. *In re Torres Zayas*, 147 D.P.R. 144 (1998); *In re Laborde Freyre*, 144 D.P.R. 827 (1998); *In re Manzano Velázquez*, 144 D.P.R. 84 (1997); *In re Escalona Vicenty*, 143 D.P.R. Ap. 993 (1997); *In re Claudio Ortiz*, 141

D.P.R. 937 (1996); *In re Sepúlveda Negroni*, 142 D.P.R. 572 (1996); *In re Rivera Rivera*, 141 D.P.R. Ap. (1996); *Col. Abogados P.R. v. Diversé, Colón, Rivera*, 136 D.P.R. 425 (1997); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992).

Por todo lo anterior, *se suspende indefinidamente del ejercicio de la abogacía al licenciado Rivera Rodríguez, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes, y este Tribunal disponga lo que proceda en derecho.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Rebollo López y Hernández Denton no intervinieron.