EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Velda M. Costas Rodríguez <br> Naomi Santos Roldán <br> Antonio R. Blanes Delgado <br> Rolando Anglada Gil <br> Carlos E. Rivera Rodríguez <br> Ydsia Z. Reyes Dones <br> Luis E. Ocasio Rivera <br> Sylma Vargas Ibarra | 2008 TSPR 191 <br><br> 175 DPR \_\_\_\_ |

Número del Caso: TS-3640
TS-3776
TS-7938
TS-8492
TS-8718
TS-9140
TS-9849
TS-13174
(Cons.)


Fecha: 31 de octubre de 2008


Colegio de Abogados de Puerto Rico:

Lcdo. José M. Montalvo Trías
Director Ejecutivo


Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

| | |
|---|---|
| Velda M. Costas Rodríguez | TS-3640 |
| Noami Santos Roldán | TS-3776 |
| Antonio R. Blanes Delgado | TS-7938 |
| Rolando Anglada Gil | TS-8492 |
| Carlos E. Rivera Rodríguez | TS-8718 |
| Ydsia Z. Reyes Dones | TS-9140 |
| Luis E. Ocasio Rivera | TS-9849 |
| Sylma Vargas Ibarra | TS-13174 |

(cons.)

PER CURIAM

San Juan, Puerto Rico a 31 de octubre de 2008.

El Colegio de Abogados de Puerto Rico comparece nuevamente ante nos para solicitar la suspensión al ejercicio de la abogacía de los licenciados Velda M. Costas Rodríguez, Noami Santos Roldán, Antonio R. Blanes Delgado, Rolando Anglada Gil, Carlos E. Rivera Rodríguez, Ydsia Z. Reyes Dones, Luis E. Ocasio Rivera y Sylma Vargas Ibarra por no haber satisfecho el pago de la cuota de colegiación.

En vista de ello, mediante Resolución del 27 de agosto de 2008, les concedimos a las licenciadas Costas Rodríguez y Santos Roldán un término de veinte (20) días para mostrar causa

por la cual no debían ser suspendidas del ejercicio de la abogacía. Asimismo, mediante Resolución 10 de septiembre de 2007 concedimos igual término al licenciado Rolando Anglada Gil y el 29 de agosto de 2008, a los licenciados Blanes Delgado, Rivera Rodríguez, Reyes Dones, Vargas Ibarra y Ocasio Rivera. En ambas Resoluciones, se les apercibió que el incumplimiento con las órdenes de este Tribunal conllevaría la suspensión automática del ejercicio de la abogacía.[1]

El término concedido expiró y los abogados y abogadas no han comparecido ante el Tribunal, ni han satisfecho su deuda. En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

Se consolidan los casos 3640, 3776, 7938, 8492, 8718, 9140, 9849 y 13174 por versar sobre el mismo asunto.

II

El Artículo 9 de la Ley Núm. 43 de 14 de mayo de 1932, 4 L.P.R.A. sec. 780, establece la obligación de los miembros del Colegio de Abogados de satisfacer una cuota anual. Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la abogacía y conlleva la suspensión inmediata e indefinida del

---

[1] En el caso de las licenciadas Costas Rodríguez y Santos Roldán y los licenciados Rolando Anglada Gil y Luis E. Ocasio Rivera la Resolución fue notificada por correo certificado con acuse de recibo a sus respectivas direcciones conocidas. Los demás abogados y abogadas querellados fueron notificados por correo regular a su dirección de récord y éstas no fueron devueltas.

ejercicio de la abogacía. In re: García Vallés, res. 7 de noviembre de 2007, 2007 T.S.P.R. 196, In re: Crosby San Miguel, res. 31 de octubre de 2007, 2007 T.S.P.R. 191; In re: Ortiz Delgado, res. el 29 de mayo de 2003, 2003 T.S.P.R. 96; In re: Pérez Brasa, 155 D.P.R. 813 (2001); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Reyes Rovira, 139 D.P.R. 42 (1995); Col. Abogados P.R. v. Pérez Padilla, 135 D.P.R. 94 (1994); In re: Serrallés III, 119 D.P.R. 494 (1987); Colegio de Abogados v. Schneider, 117 D.P.R. 504 (1986).

Asimismo, todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado, que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Rullán Castillo, res. 8 de febrero de 2007, 2007 T.S.P.R. 41; In re: Lloréns Sar, res. 5 de febrero de 2007, 2007 T.S.P.R. 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 T.S.P.R. 191; In re: Vega Lasalle, 164 D.P.R. 659 (2005); In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 T.S.P.R. 20; In re: Osorio Díaz, supra; In re: Serrano Mangual, 139 D.P.R. 602 (1995); In re: González Albarrán, 139 D.P.R. 543 (1995); In re: Colón Torres, 129 D.P.R. 490 (1991).

Debemos señalar que no es la primera ocasión en la que el Colegio de Abogados ha tenido que comparecer ante nos por la conducta de los abogados de epígrafe de dejar de satisfacer el pago de la cuota de colegiación.[2] En cada una de las ocasiones anteriores este Tribunal les apercibió sobre su obligación de cumplir estrictamente con la Ley Núm. 43 del 14 de mayo de 1932, 4 L.P.R.A. Secs. 771 y ss., creadora del Colegio de Abogados de Puerto Rico, y que su incumplimiento podría dar lugar a medidas disciplinarias.

En cuanto al licenciado Rivera Rodríguez, debemos mencionar que en ocasión anterior, mediante Opinión y Sentencia de 19 de enero de 1999,[3] éste fue suspendido indefinidamente del ejercicio de la abogacía y la notaría por no responder a los requerimientos del Colegio de Abogados y de este Tribunal. Posteriormente, mediante Resolución de 9 de febrero de 2006, el licenciado Rivera Rodríguez fue reinstalado al ejercicio de la abogacía. A

---

[2] El Colegio de Abogados ha comparecido ante este Tribunal a solicitar la suspensión de la abogacía de los abogados y abogadas querellados por falta de pago de la cuota de colegiación en los siguientes años:

a) Velda M. Costas Rodríguez – 2007
b) Noami Santos Roldán – 2006, 2005, 2001, 1993
c) Antonio R. Blanes Delgado – 1996, 2000, 2001, 2003, 2005 y 2007
d) Rolando Anglada Gil – 2007, 2008
e) Carlos E. Rivera Rodríguez – 1996
f) Ydsia Z. Reyes Dones – 1999, 2004, 2005 y 2006
g) Luis E. Ocasio Rivera – 1994, 1999, 2008
h) Sylma Vargas Ibarra – 2002
i)

[3] Véase, In re: Rivera Rodríguez, 147 D.P.R. 368 (1999).

pesar de lo anterior, nuevamente el licenciado Rivera Rodríguez incumplió con las órdenes de este Tribunal.

De lo anterior se desprende que a pesar de nuestros apercibimientos, los abogados y abogadas querellados continúan demostrando una actitud de dejadez e indiferencia. Su renuencia injustificada a satisfacer las cuotas anuales de colegiación y su incumplimiento con las órdenes de este Tribunal ameritan la imposición de sanciones disciplinarias severas en su contra.

En vista de lo anterior, procede que suspendamos inmediata e indefinidamente del ejercicio de la abogacía a los licenciados Velda M. Costas Rodríguez, Noami Santos Roldán, Antonio R. Blanes Delgado, Rolando Anglada Gil, Carlos E. Rivera Rodríguez, Ydsia Z. Reyes Dones, Luis E. Ocasio Rivera y Sylma Vargas Ibarra.

Se les impone a los abogados y abogadas querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar y certificar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente a los abogados o abogadas de

epígrafe a la última dirección que aparece en el expediente personal del abogado.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial de la licenciada Ydsia Z. Reyes Dones y de los licenciados Rolando Anglada Gil y Luis E. Ocasio Rivera, y entregar éstos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

| | |
|---|---|
| Velda M. Costas Rodríguez | TS-3640 |
| Noami Santos Roldán | TS-3776 |
| Antonio R. Blanes Delgado | TS-7938 |
| Rolando Anglada Gil | TS-8492 |
| Carlos E. Rivera Rodríguez | TS-8718 |
| Ydsia Z. Reyes Dones | TS-9140 |
| Luis E. Ocasio Rivera | TS-9849 |
| Sylma Vargas Ibarra | TS-13174 |

(cons.)

SENTENCIA

San Juan, Puerto Rico a 31 de octubre de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspenden inmediata e indefinidamente del ejercicio de la abogacía a los licenciados Velda M. Costas Rodríguez, Noami Santos Roldán, Antonio R. Blanes Delgado, Rolando Anglada Gil, Carlos E. Rivera Rodríguez, Ydsia Z. Reyes Dones, Luis E. Ocasio Rivera y Sylma Vargas Ibarra.

Se les impone a los abogados y abogadas querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar y certificar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquense personalmente a los abogados o abogadas de epígrafe a la última dirección que aparece en el expediente personal del abogado.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial de la licenciada Ydsia Z. Reyes Dones y de los licenciados Rolando Anglada Gil y Luis E. Ocasio Rivera, y entregar éstos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo